**CITY OF DRUMRIGHT v. ROSS.**

No. 20649. Opinion Filed March 24, 1931.

S. A. Denyer and W. F. Speakman, for plaintiff in error.

James J. Mars, John R. Miller, and R. E. Stephenson, for defendant in error.

CLARK, V. C. J. This cause presents error from the district court of Creek county, wherein plaintiff in error was defendant and defendant in error was plaintiff. For convenience, the parties will be referred to as they appeared in the trial court. Plaintiff brought this action against defendant for damages alleged to have been suffered by him to his person and to his automobile, loss of time by him and his son as a result of an automobile accident. The petition alleges that on January 26, 1927, the accident occurred while plaintiff and his son were driving their Ford coupe in an easterly direction on Broadway street at the intersection of Pennsylvania avenue, in the city of Drumright; that plaintiff was driving near the center of the street when his car struck a flagpole. The plaintiff and his minor son were injured by said accident and the car was damaged and broken.

Plaintiff further alleged that defendant allowed said flagpole to remain in the street without proper warning to the public of its presence as an obstruction or danger to traffic on the street. He further alleged that he was a farmer, and was later permitted to amend his petition by alleging that he was also an oil field worker.

Defendant filed its answer, which consisted of a general denial and a plea of contributory negligence, in which it was charged that plaintiff's injury was the result of plaintiff's windshield being covered with dirt, frost, and mist, and that plaintiff was driving in excess of 15 miles per hour, in violation of the speed law of the state of Oklahoma.

Plaintiff filed a reply and denied generally and specifically each and every allegation contained in said answer. The cause was tried to a jury, and resulted in a verdict in the sum of $500 in favor of plaintiff. Motion for new trial was filed and overruled, and defendant brought the cause here for review.

Plaintiff in error alleged in the first assignment of error that the court erred in sustaining objection to the introduction of ordinance No. 203 and in refusing to permit the reading of said ordinance to the jury. This was an ordinance of the city of Drumright fixing the rate of speed allowed for automobiles, which provided that all persons driving vehicles in the city of Drumright should keep to the right of the road and that on turning at intersections should circle the intersection and that no vehicle should travel at a greater rate of speed in the city of Drumright than ten miles per hour. This ordinance was offered for the purpose of proving contributory negligence on the part of plaintiff. The answer of defendant alleged that plaintiff was guilty of contributory negligence by driving in excess of 15 miles per hour. The testimony offered was not admissible.

The defendant next contends that the court erred in permitting the plaintiff's wife to testify, over the objection of defendant. The only question asked the wife that tends to prove any issue of this case was:

"Did you take care of Wayne Ross's injuries? A. Yes, sir. Q. Did you treat him? A. Yes, sir."

At this point of the testimony an objection was lodged and the witness excused. There was no error in admitting this testimony. It was true that attorney for defendant objected to the testimony of this witness for the reason that she was wife of the plaintiff, but there was nothing in the record at that time to disclose that she was the wife of plaintiff, and it was his duty to ask the witness the necessary question or offer to prove said statement before the trial court would be authorized to sustain the objection. However, the evidence offered and given was not material, and we find no error in the same.

The third assignment of error was in admitting, over the objection of the defendant, incompetent, irrelevant, and immaterial testimony. A careful examination of the testimony objected to discloses that the court did not err.

The fourth assignment of error is that the court erred in permitting plaintiff to amend

his petition to allege that plaintiff was engaged as an oil well driller also. This amendment was proper.

The next assignments of error are that the court erred in giving the general instructions to the jury and in refusing instructions requested by defendant. A careful examination of the instructions discloses that said instructions fairly state the law on the issues joined. The verdict was not excessive, and there was sufficient evidence to sustain the same. Judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.