## CITY OF PAWHUSKA v. CRUTCHFIELD.

No. 20757.  Opinion Filed Feb. 2, 1932.

Rehearing Denied March 1, 1932.

A. B. Campbell, for plaintiff in error.

John W. Tillman, F. A. Tillman, and W. D. Pierson, for defendant in error.

HEFNER, J.  On May 22, 1926, William Edward Crutchfield, a minor, sustained an injury to his eyes by coming in contact with a loose live wire from the electric light plant owned and operated by the city of Pawhuska. He brought an action in the district court of Osage county to recover damages because of such injury and obtained a verdict and judgment in the sum of $1,250. The judgment was affirmed on appeal to this court. See City of Pawhuska v. Crutchfield, 147 Okla. 4, 293 P. 1095. The facts are stated in that opinion, and we do not deem it necessary to here restate them.

W. E. Crutchfield, father of plaintiff in the above action, brought this action against the city of Pawhuska to recover for medical expenses and loss of time and services of his son alleged to have been caused by the injury sustained by the son. The trial was to a jury and a verdict and judgment in favor of plaintiff in the sum of $600 was rendered.

Defendant appeals and assigns as error the giving of the following instruction:

"In case you should find the issues in this case in favor of the plaintiff and against defendant, then and in that event it will be your duty to award such sum by way of damages as you believe from all the evidence in the case will fairly compensate

plaintiff for the damages sustained by him on account of the negligence of the defendant; and under such circumstances the plaintiff would be entitled to recover the reasonable amounts necessarily expended in the treatment and care of the child; and the value of the parent's services while nursing the child; and such a sum of money as from the evidence would represent the difference between the earnings of the son in his present condition and what his earnings would have been had he not sustained the injury, **from the time of his injury until he arrives at the age of 21 years;** and in arriving at the amount you should consider the cost of maintaining and schooling this boy, and deduct such amount from the amount representing the difference heretofore mentioned."

Complaint is made of that portion of the instruction which charges the jury that plaintiff, in the event of recovery, would be entitled to recover the difference between the earnings of the son in his present condition and what his earnings would have been had he not sustained the injury, **from the time of his injury until he arrives at the age of 21 years.** We think the giving of this instruction constitutes reversible error. There is no competent evidence to establish that the injury of the son was permanent. Dr. Rust testified that it was not permanent and that the boy had completely recovered on July 26, 1926. None of the doctors testified that the injury was permanent. Under this evidence, plaintiff's son was incapacitated for a period of only approximately 60 days, and plaintiff's recovery should have been limited to the loss of the services of his son during the period of disability.

There was no medical or expert evidence offered tending to establish a permanent injury. The symptoms of the injury were subjective and not objective. Under these circumstances, it has been repeatedly held by this court that the cause and extent of the injury can only be determined by the testimony of skilled or professional persons. See St. L. & S. F. Ry. Co. v. Criner, 41 Okla. 256, 137 P. 705; Oklahoma Hospital v. Brown, 87 Okla. 46, 208 P. 785; Jones v. Sechten, 131 Okla. 155, 268 P. 201. The instruction given would have been proper had plaintiff established a permanent injury to his son. M., K. & T. Ry. Co. v. Horton, 28 Okla. 815, 119 P. 233. The evidence was insufficient upon which to base the instruction, and we cannot say, under the record here presented, that defendant was not prejudiced thereby.

Judgment is reversed, and the cause remanded for a new trial.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent. McNEILL, J., not participating.