STINCHCOMB v. HOLDER.

No. 30090.   June 17, 1941.

Rehearing Denied Sept. 16, 1941.

*116 P. 2d 891.*

James C. Cheek and V. E. Stinchcomb, both of Oklahoma City, for plaintiff in error.

Cruce, Satterfield & Grigsby and Ben Franklin, Oklahoma City, for defendant in error.

PER CURIAM. The defendant in error, hereinafter referred to as plaintiff, a minor, by his mother as next friend, instituted this action against the plaintiff in error, hereinafter referred to as defendant, to recover the sum of $10,-000 as damages for personal injuries alleged to have been sustained as the result of a collision between an automobile in which the plaintiff was riding as a guest and one which was owned and driven by the defendant.

The answer of the defendant was a general denial, a plea of contributory negligence, and unavoidable casualty. Trial was had to a jury. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $300. Judgment followed the verdict. Motion for new trial was overruled, and defendant has perfected this appeal.

The delict of the defendant is not here involved, the sole issue presented being whether the trial court erred in refusing to give two requested instructions and the giving of instruction No. 14.

The instructions so requested read as follows:

"You are instructed that in this action the plaintiff is not entitled to recover for any loss of earning capacity sustained during his minority, that is, until he reaches the age of 21 years."

And:

"You are instructed that there is no evidence in this case to show any loss of earning capacity which will be suffered by the plaintiff after he reaches 21 years of age. And you will therefore not consider or allow any damages on that account."

The instruction to which exception is taken, being No. 14, reads as follows:

"If within the purview of these instructions you find for the plaintiff, then he is entitled to recover such sum as will compensate him for his physical impairment, personal injuries, if any, which is a question of fact for you to determine under this evidence, and for pain and suffering, not to exceed in all the sum of $10,000."

The defendant contends that since it was shown by the evidence that the plaintiff was a minor 17 years of age at the time of the accident and a member of his father's household, therefore during the minority of the plaintiff his father was entitled to his services and earnings. See section 1685, O. S. 1931, 10 Okla. St. Ann. § 5; Missouri, K. & T. R. Co. v. Horton, 28 Okla. 815, 119 P. 233; City of Pawhuska v. Crutchfield, 155 Okla. 222, 8 P. 2d 685; and since it would have been error to instruct the jury to take into consideration any loss in earning capacity of the plaintiff during his minority in arriving at the amount of damages which plaintiff was entitled to recover (see Shawnee Gas & Electric Co. v. Hunt, 32 Okla. 368, 122 P. 673; Consolidated Lead & Zinc Co. v. Corcoran, 37 Fed. 2d 296), therefore the jury of necessity had to be instructed that such element of damages was not to be considered, and hence that his first requested instruction, supra, should have been given. While, as stated in the foregoing authorities, a minor cannot recover for loss of earning capacity during his minority where he remains unemancipated, we are of the opinion that such contention is without merit herein, for the court in instruction No. 14, to which exception is taken, advised the jury that if in the purview of all of the instructions given it found for the plaintiff under the evidence, then his recovery should be limited to such sum as would compensate him for his physical impairment, permanent injury, if any, and pain and suffering which he had undergone. This instruction, in effect, excluded from the consideration of the jury any loss of earning capacity either prior or subsequent to the attaining by plaintiff of his majority, and therefore in effect included the instructions which had been requested. The instructions given by the court, considered as a whole, appear to have fully and clearly advised the jury upon the law of the case so as to enable them to fully understand the issues involved, and under these circumstances we hold that it was not error to refuse to give the instructions requested. See City of Chickasha v. Daniels, 123 Okla. 73, 251 P. 978, 51 A. L. R. 568. The plaintiff was seeking damages in the sum of $10,000. The jury by its verdict reduced his recovery to the sum of $300. There was ample evidence in the record to sustain the finding of the injury to the plaintiff and pain and suffering which would justify a recovery in this amount. See City of Pawhuska v. Crutchfield, 147 Okla. 4, 293 P. 1095.

It does not appear, after an examination of the entire record, that any constitutional or substantial statutory right of the defendant has been infringed by reason of the failure to give the requested instructions or by the instruction which was given. Under these circumstances it is the duty of this court to treat the error, if any, as harmless. Section 3206, O. S. 1931, 22 Okla. St. Ann. § 1068. This case appears to be a proper one for the application of such statutory direction.

Judgment affirmed.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur.