FARMERS' UNION CO-OPERATIVE GIN CO. v. SQUYRES et al.

No. 31119. Feb. 8, 1944.

*145 P. 2d 949.*

W. T. Jeter, of Mangum, for plaintiff in error.

Garrett & Harlan and Hollis Arnett, all of Mangum, for defendants in error.

PER CURIAM. W. A. Squyres and Service Fire Insurance Company instituted separate actions against Farmers' Union Co-operative Gin Company to recover damages for detriment which each of said plaintiffs alleged they had sustained as the result of a collision between an automobile which belonged to the plaintiff Squyres and a truck which belonged to the defendant.

The plaintiff Squyres sought to recover damages to his person and to his personal property and for which he had not been compensated by the insurer. Service Fire Insurance Company sought to recover the net amount of the loss to the property of Squyres which it had paid in accordance with the terms of a policy of insurance which it had issued to Squyres on said property and for which it had taken an assignment from Squyres. The delict of the defendant was said to consist in leaving a loaded truck on a public highway in an unguarded condition and without warning lights, and to thus create a traffic hazard which had proximately caused the injury to the said person and property of said Squyres. The answer of defendant consisted of a general denial and plea of contributory negligence. On motion of defendant the several actions

were consolidated and trial was had to a jury.

The evidence adduced at the trial was in conflict in several material respects, but disclosed substantially the following state of facts: The truck of defendant loaded with approximately five tons of coal was traveling west on State Highway No. 9 on the afternoon of February 19, 1940, when it became disabled at a point approximately a quarter of a mile west of the intersection on said highway with State Highway No. 34 and U. S. Highway No. 283. Two servants of defendant were in charge of the truck and one of them went to a near-by town to procure a mechanic and drove back to the truck, whereupon it was discovered that repairs could not be made and that it would be necessary to return to town and obtain the same from another point, and that thereupon, although it was getting dark, the servants of defendant, without setting out any firepots to give warning of the traffic hazard which the truck created, left it and returned to town; that approximately at 7:30 p. m. of said day plaintiff was driving west on said Highway No. 9 and in the lane in which the truck of the defendant had been left; that he was momentarily blinded by the lights of an approaching automobile and thereupon crashed into the rear of the truck with serious damage to his person and almost total damage to his automobile; that the Service Fire Insurance Company carried a policy on said automobile, and pursuant thereto paid Squyres that part of the loss which he had sustained and which was covered by the insurance policy and which amounted to the net sum of $510.50 and for which amount it took an assignment from Squyres against the defendant. Under the evidence so adduced, the jury, under instructions to which no exceptions were taken or saved in the manner required by statute (12 O. S. 1941 § 578), but to which defendant excepted as a whole, returned a verdict in favor of Squyres in which it assessed his recovery at the sum of $2,416.95, and a verdict in favor of Service Fire Insurance Company in which it assessed its recovery at the sum of $510.50. Judgments followed the verdicts so returned, motions for new trial were overruled, and the defendant appeals.

As grounds for reversal of said judgments the defendant contends, in substance, that (1) the instructions given did not fairly and fully advise the jury upon the issues involved; (2) the court erred in refusing to give two instructions requested by the defendant; (3) the verdicts are unsupported by the evidence and are contrary to law.

The contention relative to the insufficiency of the instructions given cannot be entertained. The defendant neither took nor saved any exception to the instructions as required by statute, but merely saved a general exception to the instructions as a whole. Such exception is not good unless the whole charge is erroneous. Geo. M. Paschal & Bro. v. Bohannon, 59 Okla. 139, 158 P. 365; Duncan Cotton Oil Co. v. Cox, 41 Okla. 633, 139 P. 270; Remund v. McCool, 50 Okla. 69, 150 P. 1055. The defendant urges that the instructions given were fundamentally erroneous in that they were based upon rules and regulations promulgated by the Department of Public Safety. If such was the case, it was an error invited by the defendant, since it introduced such rules in evidence. On examination, however, to ascertain whether there was any fundamental error in the instructions given, the extent of permissible review (see Liberty National Bank of Weatherford v. Semkoff, 184 Okla. 18, 84 P. 2d 438), we find that the instructions appear to have fairly presented the tenable theories of the respective parties and were sufficient to discharge the mandatory duty which rested upon the court in this regard. Riser v. Herr, 187 Okla. 211, 102 P. 2d 178. Under the record here presented, the cases of Roadway Express v. Baty, 189 Okla. 180, 114 P. 2d 935, and Wilson v. St. Louis-San Francisco R. Co., 141 Okla. 108, 283 P. 999, where exceptions were properly saved, as well as cases from other jurisdictions cited by the defendant, are inapplicable.

The defendant next complains of the refusal of the court to give the following requested instructions:

"You are instructed that it is the duty of the driver of an automobile on the highway, when blinded by the headlights of an approaching automobile to exercise great caution until vision is restored, and failure to do so constitutes negligence.

"You are further instructed that it is negligence on the part of a driver of an automobile, on the public highway, in the State of Oklahoma, to drive the same at a speed that the driver of the car cannot stop said car within the distance said driver can see."

The first instruction requested would have had the court advise the jury that a failure to exercise great caution would constitute negligence on the part of plaintiff Squyres. In support of the propriety of such instruction defendant cites Harmon v. Haas, 61 N. D. 772, 241 N. W. 70, but the rule therein announced is not one which obtains in this jurisdiction. See P. & S. Taxi & Baggage Co. v. Cameron, 183 Okla. 226, 80 P. 2d 618; Ross v. Gearin, 145 Okla. 66, 291 P. 534. Under the authorities last cited, the requested instruction was properly refused.

The second requested instruction was included substantially in the instructions given by the court and to which the defendant took no proper exceptions. A party is not entitled to have instructions given in the language in which they are offered. Meiling v. Michael, 182 Okla. 508, 78 P. 2d 704.

Defendant finally contends that the verdicts are not supported by the evidence and are contrary to law. The basis of the contention so made is that the uncontroverted evidence discloses that plaintiff Squyres was driving with only one light when he collided with the truck of defendant. The record does not support the contention so made. On the contrary, it shows that one of the disputed questions was whether Squyres had his automobile in proper working condition prior to the collision, and there was evidence to the effect that he had had it inspected only a few miles down the road prior to the time the accident occurred. There thus was presented a disputed question of fact which the jury was called upon to decide. The jury resolved the conflict in favor of plaintiffs, and the court approved the verdicts so returned. The applicable rule in such a situation is that stated in Walker v. Oklahoma Natural Gas Co., 188 Okla. 241, 107 P. 2d 997, wherein we said:

"If there is any testimony reasonably tending to support the verdict of the jury, and said verdict has been approved by the trial court, the judgment will not be disturbed on appeal."

Under the record which has been here presented and the rule announced in the hereinabove cited cases, we are of the opinion that no reversible error has been shown.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. OSBORN and ARNOLD, JJ., absent.