Gordon W. WILSON, Sr., and John P. Detamore, co-partners doing business as Wilson Trucking Company, and Gordon W. Wilson, Sr., and John P. Detamore, each individually, Jack Clark Richardson and Frank Andrews, Plaintiffs in Error,

v.

SHAWNEE MILLING COMPANY, a corporation, doing business under the trade name and style of Okeene Milling Company, Defendant in Error.

No. 36858.

Supreme Court of Oklahoma.

Jan. 10, 1956.

148

Green & Feldman and Sam D. Glass, Tulsa, for plaintiffs in error, Gordon W. Wilson, Sr., and John P. Detamore, co-partners doing business as Wilson Trucking Co., and Gordon W. Wilson, Sr., and John P. Detamore, each individually, and Jack Clark Richardson.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiff in error Frank Andrews.

Abernathy & Abernathy, Shawnee, for defendant in error.

WELCH, Justice.

Plaintiff's action was for damages alleged to have resulted to plaintiff's tractor-trailer by reason of concurring acts of negligence of the defendants.

At trial it was shown that a tractor-trailer owned by the plaintiff was proceeding in an easterly direction along a certain highway when at a considerable distance ahead on the highway an automobile was approaching or proceeding in a westerly direction on said highway, and to the rear of the automobile another tractor-trailer was proceeding westerly on said highway.

Between the plaintiff's vehicle and the approaching automobile the roadway consisted in part of a concrete bridge floorway, 111 feet in length and of a width sufficient to accommodate two traffic lanes and of equal width of the paved surface of the rest of the roadway in the vicinity. The bridge had concrete abutments four feet high alongside its roadway.

All the said vehicles when at a considerable distance from the bridge were approaching the bridge at approximately the same speed. When the automobile had

reached a point approximately 100 feet from the bridge, the speed of the automobile was suddenly reduced. Immediately upon such reduction of speed the tractor-trailer, which had followed behind the automobile, was driven into its left traffic lane and at a speed sufficient that it passed the automobile and to the left of the automobile and proceeded ahead of the automobile and onto the bridge and to a point that the rear end of the said tractor-trailer then in the left traffic lane struck the front end of the oncoming plaintiff's vehicle then entering on the bridge and in its right traffic lane. In the meantime the automobile had stopped or proceeded onto the bridge without further incident. The plaintiff's equipment was damaged considerably by the impact from the said tractor-trailer.

The automobile involved was owned and being operated by Frank Andrews. The tractor-trailer which struck the plaintiff's equipment was owned by Gordon W. Wilson, Sr., John P. Detamore, co-partners doing business as Wilson Trucking Company, or the said Gordon W. Wilson, Sr. and John P. Detamore, individually. The said tractor-trailer was being driven by their employee, Jack Clark Richardson.

The above-mentioned persons and the partnership were all named parties defendant to the plaintiff's suit.

The trial resulted in a verdict and judgment for the plaintiff, and against all the defendants.

The defendant Frank Andrews has appealed, and the other defendants together have appealed. Hereinafter the defendant Frank Andrews will be referred to as the defendant Andrews, and the other defendants will be referred to as the defendants Wilson.

The defendant Andrews contends there was no evidence of negligence on the part of the said defendant, and if so, there was no evidence that such negligence was the proximate cause, or contributing cause, of damage to plaintiff.

The defendants Wilson assert the independent negligence of the defendant Andrews constituted the sole proximate cause of the accident and resultant damage, and was so disconnected in time and nature as to make it plain that the damage was not a natural and probable consequence of any acts of negligence of these said co-defendants, and accordingly the court erred in refusing to direct a verdict on the motion of these co-defendants.

Under the issues presented there inheres in the verdict a finding of the jury of concurrent negligence of all the defendants as the proximate cause of the plaintiff's injury.

According to testimony the defendant Andrews, while driving his automobile on the highway at an approximate speed of 40 miles per hour, with notice of an oncoming vehicle and knowledge of the proximity of a following vehicle, suddenly applied the brakes on his automobile with consequent rapid decrease in speed of the automobile. The defendant Andrews gave no signal or sign of an intention to slow down other than simultaneously with application of the brakes and the slowdown red light glowed at the rear of the automobile.

47 O.S.1951 § 121.5(d) provides:

"(1) A signal of intention to turn right or left, slow or stop, when required, shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning or stopping.

"(2) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal, in the manner provided, herein, to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

It is further provided that signal for stop or decrease of speed shall be given by extending hand and arm and downward from left to side of vehicle.

Prior to the enactment of these statutes, this court in Union Transportation Co. v. Lamb, 190 Okl. 327, 123 P.2d 660, 662, declared the general principle that to avoid negligence each driver of a vehicle using the highway must exercise ordinary care in the situation he finds himself, and that in each case, except when reasonable minds

may not differ, what due care required, and whether it was exercised, is for the jury. Concerning the duty of a driver of a forward vehicle on the highway the court quoted from another case as follows:

> " 'The driver of the leading vehicle must exercise ordinary care not to stop, slow up, nor swerve from his course without adequate warning to following vehicles of his intention so to do. * * *' "

The defendant Andrews admitted knowledge of the presence of the defendants Wilson's vehicle behind him and explained his slowup of his automobile, that there was a bridge ahead and an oncoming vehicle, and that he feared to meet the oncoming vehicle on the bridge.

Under the undisputed testimony the oncoming vehicle was at all times in its right and proper traffic lane on the hard-surfaced highway as was the defendant Andrews' automobile, and the surface of the highway was abundantly wide for the free passage of the vehicles and the roadway extending across the bridge was of equal or slightly greater width than the rest of the surfaced highway of the vicinity.

■ Whether measured in a light of the duties enjoined by the statutes, supra, or by the general principle that negligence comprehends a failure to exercise due care, we find the evidence permits of a finding of negligence on the part of the defendant Andrews in that he brought his automobile to a rapid slowdown on the highway and without a proper warning of his intention to do so to the driver of the vehicle known to be following him.

According to testimony the defendants Wilson's truck was proceeding behind the defendant Andrews' automobile and at a speed of 40 miles per hour, and about 150 feet behind the Andrews' automobile, when the automobile suddenly slowed down. At such time the plaintiff's oncoming vehicle was clearly visible to both the driver of the automobile and the defendants Wilson's truck. The truck was carrying a load of approximately 31,000 pounds and under the circumstances could not with safety be brought to a stop within less than 200 feet.

When the slowdown of the automobile occurred the driver of the Wilson truck applied the truck's brakes, but nonetheless the truck was driven into its left traffic lane and with speed sufficient that it passed by the automobile. Immediately, and the truck had in part returned to its right traffic lane, but the rear end of the truck was in the left traffic lane, the rear end of said truck struck the front of the oncoming plaintiff's vehicle. The plaintiff's vehicle was at all times in its right and proper traffic lane.

In statute, 47 O.S.1951 § 121.3 it is provided:

> "(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead; * * *."

In 47 O.S.1951 § 121.4, it is provided:

> "(e) No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction, or any vehicle overtaken."

■ Beyond question, the circumstances in proof herein tend to show a violation of the above mentioned statutes, and therein negligence of the driver of the Wilson truck, in that under the conditions shown existing he was either driving his vehicle at greater speed than would permit a stop within the assured clear distance ahead, or, otherwise, that he violated the statutory safe driving rules concerning the overtaking and passing of another vehicle on the highway.

We are of the opinion the evidence is sufficient to permit a finding of negligence on the part of the Wilson driver in either of the particulars noted. It being established that at the time and place the defendant Andrews was also guilty of negligence, we come to a consideration of the question of whether there was evidence to support the jury's finding that the negligent acts of the defendants combined to produce the plaintiff's injury.

█ Concerning the subject of concurring negligence of defendants, in All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424, 429, the court said:

"It is well settled that although concert is lacking, the separate and individual acts of negligence of several persons, if the acts are combined to produce directly a single injury, each defendant is responsible for the entire result, even though a defendant's act of negligence alone might not have caused the injury. Garrett v. Haworth, 183 Okl. 569, 83 P.2d 822."

In City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189, the court said:

"1. The proximate cause of an injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury.

"2. Where several causes producing an injury are concurrent and each is an efficient cause without which the injury would not have happened, the injury may be attributed to all or any of the causes.

"3. Concurrent causes are causes acting contemporaneously and which together cause the injury, which injury would not have resulted in the absence of either."

Who may say, but the triers of fact, what are the causes producing an injury?

Herein, under an hypothesis that the defendants Wilson's driver was guilty of negligence only in that the Wilson truck was driven to the left side of the center of the highway and into the path of the oncoming plaintiff vehicle, then it might be said that the defendant Andrews' act in slowing his automobile merely created a condition that the Wilson driver acted upon and that it was this subsequent independent act of the defendant Wilson's driver that caused the injury to the plaintiff.

█ On the other hand, under testimony that plaintiff's approaching vehicle was in full view and that the defendant Andrews suddenly slowed his automobile and without warning of his intent to do so to the driver of Wilson's truck known to be following, and that the Wilson truck was then being driven at such speed and proximity to the automobile that it could not be stopped in the assured clear distance ahead, the evidence appears sufficient to warrant a finding of concurring and contemporaneous acts of negligence causing injury to the plaintiff; that in the circumstance the plaintiff's injuries were but a natural and probable consequence of these concurring wrongful acts of the defendants, and which reasonably should have been foreseen by the defendants. We find there was evidence sufficient to sustain the jury's finding that negligence of the defendants concurred as the proximate cause of the damages suffered by the plaintiff.

The defendant Andrews complains of the refusal of the trial court of an offer of testimony of a witness that the manager for the defendants Wilson had declared to the witness that the defendants Wilson accepted full and complete responsibility for the happening of the collision involved.

██ The witness testified that he had a conversation with a Mr. Turner, manager for defendants Wilson, and thereupon an objection was sustained to any questions as to details of the conversation. The witness had been called by the plaintiff and no inquiry had been made on direct examination as to a conversation between the witness and the said Mr. Turner. We find the objection to the question about details of the conversation was properly sustained on a basis of improper cross-examination.

" 'Cross-examination is proper only as to matters brought out on direct examination together, with any question which reasonably tends to explain, contradict, or discredit such testimony.' " Key v. British American Oil Producing Co., 196 Okl. .663, 167 P.2d 657, 661.

■ It is further noted that the testimony concerning statements made by Turner could serve no purpose other than as an admission of the defendants Wilson against interest and that there was no competent evidence that Turner was then acting within the scope of an authority as agent for the defendants Wilson. The testimony was objectionable as hearsay testimony. See Terrell v. First Nat. Bank & Trust Co., 204 Okl. 24, 226 P.2d 431.

The defendant Andrews asserts error in the refusal of the court to give the defendants' requested instructions.

The defendant Andrews requested an instruction of the substance and effect to advise the jury that even if they should find that Andrews was negligent, if the negligence of the defendants Wilson intervened and superseded the negligence of the defendant Andrews, then they must return a verdict in favor of Andrews, notwithstanding the liability of the defendants Wilson.

The record reflects that no exception was taken at the trial to the refusal of the court to give the instructions as requested and that no exception was saved to the instructions given by the court.

■ Under the state of the record we may review the instructions given only to determine whether they are free from fundamental error. Wasson v. Davis, Okl., 283 P.2d 807.

It is noted that in the instructions given there is stated the substance of the pleadings and claims of the parties, including a statement that the defendant Andrews specifically denies the accident involved was caused or contributed to by any act of negligence on his part, and that the defendant Andrews asserts that the accident was the direct and proximate result of negligence of the driver of the defendants Wilson's vehicle. There follows a proper definition of negligence and a proper statement of the meaning of the term "proximate cause of an injury" as used in the instructions.

■ We find the instructions given fairly state the law on the issues joined and are sufficient, and further that the substance of the requested instructions is included in the instructions given. In the circumstances, we hold it was not error to refuse the particular instruction in the form requested. City of Drumright v. Ross, 148 Okl. 48, 297 P. 221; Stinchcomb v. Holder, 189 Okl. 315, 116 P.2d 891; Farmers' Union Co-Op. Gin Co. v. Squyres, 193 Okl. 578, 145 P.2d 949.

The defendants Wilson assert the proof of the plaintiff establishes negligence of the plaintiff contributing to the happening of the accident and damage, and that accordingly verdict in favor of such plaintiff is contrary to the law and the evidence.

■ We have noted above the existence of evidence in the record sufficient to support a finding by the jury of negligence of the defendants, the cause of damage to the plaintiff.

■ Under constitutional provisions, Art. 23, § 6, when there is evidence to disclose primary negligence of the defendant which could be the cause of damage to the plaintiff and the defense is contributory negligence, the issue of contributory negligence is for determination by the jury. Mitchell v. Haskell, 202 Okl. 478, 216 P.2d 311.

The judgment entered by the trial court is affirmed. Judgment is here rendered in favor of the plaintiff and against the separate sureties of the defendants on the supersedeas bonds on file herein; such judgment on the supersedeas bonds to be entered and enforced by the trial court as if there rendered.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.