**INDEPENDENT SCHOOL DISTRICT I-29, Appellant,**

v.

**Mr. & Mrs. Thomas C. CRAWFORD, as the parents and next friends of Traci Crawford, a minor child; Independence Fire & Casualty Co.; Carey Dwaine Childress, and Ryan Service Company, Appellees.**

No. 58791.

Supreme Court of Oklahoma.

Sept. 18, 1984.

Rehearing Denied Oct. 23, 1984.

─────────

Luttrell, Pendarvis & Rawlinson, Norman, for appellant.

Ralph D. Hutcheman and J. Michael Johnston, Norman, for appellee.

SIMMS, Vice Chief Justice:

Appellant, a political sub-division, asserts that its liability to plaintiffs below, who brought suit for medical expenses and personal injuries as parents and next friends of a minor, is limited to $50,000.00 under Oklahoma's Political Sub-division Tort Claims Act (51 O.S.Supp. 1979, § 151, et seq.), specifically 51 O.S.Supp. 1979, § 154 (A)(2)(3)[1].

In order to determine the extent of appellant's liability in this case, this Court must necessarily decide whether both parents and the child may each properly be considered "claimants" under the Act.

On September 4, 1980, a truck collided with a school bus operated by an employee of appellant Norman Public Schools, Independent School District I–29 (District I–29). Plaintiffs Mr. and Mrs. Thomas C. Crawford (parents), as the parents and next friends of Traci Crawford, a minor child (child), brought suit to recover medical expenses and damages for personal injuries sustained by child, who was a passenger on the school bus at the time of the accident. Parents named District I–29 and others as defendants.

The trial court rendered judgment on a jury verdict for plaintiffs. District I–29 and two other defendants were adjudged jointly and severally liable to the plaintiffs for the sum of $100,000.00 plus costs and interest.

District I–29 appeals from the trial court's order overruling its post-trial motion for new trial, and its motion for judgment notwithstanding the verdict, or in the alternative, that the verdict be modified or amended to limit District I–29's liability to $50,000.00.

The parties filed a stipulation and agreement providing that the sole issue on appeal would be the limit of District I–29's liability. Under the terms of the agreement, District I–29 tacitly acknowledges its liability to plaintiffs in the amount of $50,-000.00. District I–29's argument on appeal, then, is not that the trial court should have rendered judgment in its favor in spite of the jury's verdict, but only that District I–29's liability should be limited.

In order to determine the extent of District I–29's liability in this case, this Court must examine the provisions of 51 O.S. Supp.1979, § 154, and decide whether the action brought by parents included two separate causes of action, and, if so, whether both parents and child are claimants under § 154.

At the time child was injured, 51 O.S. Supp.1979, § 154, provided in part as follows:

> "The liability of a political subdivision [§ 152 provides that a school district is a political subdivision under the Act] or an employee on claims within the scope of this act shall not exceed:
>
> \*　\*　\*　\*　\*　\*
>
> 2. Fifty Thousand Dollars (50,000.00) to *any claimant* for all other claims arising out of a single accident or occurrence; or
>
> 3. Three Hundred Thousand Dollars ($300,000.00) for any number of claims arising out of a single occurrence or accident." [emphasis added]

First, it is clear that parents, in their own behalf and on behalf of child, asserted independent, individual claims constituting separate causes of action against District I–29 and the other defendants below. Parents, as the parents *and* as the next friends of child, sought damages for (1) personal injuries sustained by child, and (2) medical expenses incurred by parents. Although it is based upon and arises out of the negligence causing injury to the child, the parent's right of action for consequen-

---

1. Effective July 1, 1983, the liability limit under § 154(A)(2) was increased to $100,000.00, and the liability limit under § 154(A)(3) was increased to $1,000,000.00.

tial damages based on loss of services and on the expenses incurred as a result of the child's injury is distinct from the child's right of action for his or her own injuries. See, *Boyett v. Airline Lumber Co.*, Okl., 277 P.2d 676 (1954); *Stinchcomb v. Holder*, 189 Okl. 315, 116 P.2d 891 (1941); *Retherford v. Halliburton Co.*, Okl., 572 P.2d 966 (1977); 10 O.S.1981, § 5.

There is no statutory requirement that the claim of a child for damages for personal injury and the claim of parents for medical expenses be joined. Nor will the doctrine of res judicata bar a parent from bringing a suit for medical expenses subsequent to an action brought on behalf of the child for personal injuries. See, *Smittle v. Eberle*, Okl., 353 P.2d 121 (1960).

Where there are common issues of fact or law, as in this case, it may be desirable to join both causes of action in one suit in order to avoid the potential effect of the doctrine of collateral estoppel in a second case. See, *Oklahomans for Life, Inc. v. State Fair of Oklahoma, Inc.*, Okl., 634 P.2d 704 (1981). However, this joinder of parties and of causes of action is not compulsory (12 O.S.1981, §§ 265, 323), and does not effect a merger of the separate causes of action that may be asserted by the parents and by the child.

The word "claimant" is not defined in the Political Sub-division Tort Claims Act, and this Court has not previously addressed the issue of who is properly considered a claimant under the Act. However, we find persuasive the holding of the Oklahoma Court of Appeals, Division No. 2, in *Gleason v. City of Oklahoma City*, Okl.App., 666 P.2d 786 (1983), certiorari denied. The Court of Appeals upheld the trial court's judgment in a wrongful death suit, finding that under 51 O.S.Supp.1978, § 154, the decedent's widow and two children were each separate claimants, because each was seeking to recover damages for his or her particular losses. See also, *Faber v. Roelofs*, 298 Minn. 16, 212 N.W.2d 856 (1973).

Here, parents seek relief for their own loss, and as child's representatives they seek relief for child's loss. We find that under the Political Sub-division Tort Claims Act (51 O.S.Supp.1982, § 151, et seq.), a "claimant" is a person seeking relief for his or her particular loss or losses, or for whom another seeks relief in a representative capacity. Thus, because parents' and child's losses constitute separate causes of action, there are in effect two claimants rather than a single claimant in this case. Under § 154 as it read at the time their causes of action arose, each claimant is entitled to recover up to $50,000.00 from District I–29. Plaintiffs may thus recover a maximum of $100,000.00 from District I–29.

Because District I–29 and two other defendants were held jointly and severally liable for the sum of $100,000.00, we affirm the trial court's judgment.

AFFIRMED.

All the Justices concur.