Marcella Jean CARLSON, individually and as surviving spouse of Carl Marian Carlson, Plaintiff–Respondent,

v.

CITY OF BROKEN ARROW, Oklahoma, Defendant–Petitioner.

No. 79273.

Supreme Court of Oklahoma.

Dec. 15, 1992.

As Corrected Dec. 29, 1992.

Joseph F. Clark, Jr., Tulsa, for plaintiff-respondent.

Michael R. Vanderburg, City Atty., Broken Arrow and Nancy McNair, Tulsa, for defendant-petitioner.

KAUGER, Justice.

A single issue is presented—whether under the Governmental Tort Claims Act, 51

O.S.1991 § 151 et seq., wrongful death claims against a political subdivision must be aggregated. We find that the express language of 51 O.S.Supp.1992 § 152(4)(c)[1] requires multiple death claims against a political subdivision to be aggregated.

## FACTS

The plaintiff-respondent, Marcella Jean Carlson (Carlson/wife), filed a wrongful death action against the defendant-petitioner, City of Broken Arrow (City). The claim arose out of the death of Carlson's husband, Carl Marian Carlson (husband). Carlson's action contained three claims—individually, as surviving spouse, and on behalf of her minor child. The City filed a motion to dismiss asserting that: 1) pursuant to 51 O.S.Supp.1992 § 152(4)(c),[2] all three claims were required to be aggregated; and 2) 51 O.S.1991 § 154[3] limited the total recovery to $100,000.00.

Arguments were heard on the aggregation issue on February 14, 1992. On February 27, the trial court ruled that it was bound by the decision in *Gleason v. City of Oklahoma City*, 666 P.2d 786, 789 (Okla.Ct.App.1983). In *Gleason*, the Court of Appeals recognized that the terms "claimant" and "claim" were not defined

by the Tort Claims Act, 51 O.S.Supp.1978 § 151 et seq. It held that a widow filing on the same basis as the wife here—individually, as administratrix, and as guardian of her two minor children—was entitled to multiple recoveries against a political subdivision. Having ruled in favor of the wife, the trial judge certified for interlocutory appeal, pursuant to 12 O.S.1991 § 952(b)(3),[4] the aggregation issue. The petition for certiorari was granted on October 27, 1992, setting a briefing cycle and ordering the parties to address our decision in *Oglesby v. Liberty Mut. Ins. Co.*, 832 P.2d 834, 841 (Okla.1992). The briefing cycle was completed on November 25, 1992.

## THE EXPRESS LANGUAGE OF 51 O.S.SUPP.1992 § 152(4)(C) REQUIRES WRONGFUL DEATH CLAIMS AGAINST A POLITICAL SUBDIVISION TO BE AGGREGATED.

■ The City asserts that the definition of claimant found in 51 O.S.Supp.1992 § 152(4)(c)[5] and our pronouncement in *Oglesby v. Liberty Mut. Ins. Co.*, 832 P.2d 834, 841 (Okla.1992) require the aggregation of the wife's individual claim with those tendered as a representative of the estate and on behalf of her child. Initially,

---

**1.** Title 51 O.S.Supp.1992 § 152(4)(c) provides: "As used in the Governmental Tort Claims Act:

4. 'Claimant' means the person or his authorized representative who files notice of a claim in accordance with this act. Only the following persons and no others may be claimants:

c. in the case of death, an administrator, special administrator or a personal representative who shall aggregate in his claim all losses of all persons which are derivative of the death...."

The wrongful death action was originally filed under the 1991 version of § 152(4)(c). However, the language quoted is identical to that found in the 1992 Supp. statute. See also, *Oglesby v. Liberty Mut. Ins. Co.*, 832 P.2d 834, 841 (Okla.1992).

**2.** Title 51 O.S.Supp.1992 § 152(4)(c), see note 1, supra.

**3.** Title 51 O.S.1991 § 154 provides in pertinent part:

"A. The total liability of the state and its political subdivisions on claims within the scope of this act, Section 151 et seq. of this

title, arising out of an accident or occurrence happening after the effective date of this act, Section 151 et seq. of this title, shall not exceed:

... 2. One Hundred Thousand Dollars ($100,000.00) to any claimant for his claim for any other loss arising out of a single act, accident, or occurrence...."

**4.** Title 12 O.S.1991 § 952(b)(3) provides in pertinent part:

"The Supreme Court may reverse, vacate or modify any of the following orders of the district court, or a judge thereof:
(3) Any other order, which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; provided, however, that the Supreme Court, in its discretion, may refuse to hear the appeal. If the Supreme Court assumes jurisdiction of the appeal, it shall indicate in its order whether the action in the trial court shall be stayed or shall continue...."

**5.** Title 52 O.S.Supp.1992 § 152(4)(c), see note 1, supra.

Carlson opposed aggregation of the three claims on the basis of the Court of Appeals opinion in *Gleason v. City of Oklahoma City,* 666 P.2d 786, 789 (Okla.Ct.App.1983). However, in response to the order to brief the aggregation issue, Carlson acknowledged that *Oglesby* is dispositive of the aggregation issue presented here. We address the issue of aggregated claims under the Governmental Tort Claims Act to correct any confusion concerning amendment of the Act subsequent to the *Gleason* decision.

In *Gleason,* the Court of Appeals addressed the identical issue presented here—aggregation of wrongful death claims brought against a political subdivision. The appellate court noted that the terms "claimant" and "claim" were not defined in the Political Subdivision Tort Claims Act (Tort Claims Act), 51 O.S.Supp. 1978 § 151 et seq. Construing the act broadly, it held that political subdivisions were liable for multiple claims arising from a single wrongful death action. In *Independent School Dist. I–29 v. Crawford,* 688 P.2d 1291, 1294 (Okla.1984), this Court determined that the parents of an injured child and the child each were separate claimants entitled to the statutory maximum recovery under the Tort Claims Act. In doing so, we recognized *Gleason* and emphasized that the Tort Claims Act did not contain a definition for the word "claimant."

 The Legislature amended § 152 in 1984 to include a definition of claimant in relation to a wrongful death action. The 1984 definition is identical to the current one and provides:

"... 4. 'Claimant' means the person or his authorized representative who files notice of a claim in accordance with this act. Only the following persons and no others may be claimants.

... c. in the case of death, an administrator, special administrator or a personal representative who shall aggregate in his claim all losses of all persons which are derivative of the death ..."

The determination of legislative intent controls statutory interpretation.[6] However, it is unnecessary to apply rules of statutory construction if the legislative will is clearly expressed.[7] The express language of § 152(4)(c), defining the term "claimant," requires aggregation of wrongful death claims brought against a political subdivision. This Court may not, through the use of statutory construction, change, modify or amend the expressed intent of the Legislature.[8]

The finding that the clear language of 51 O.S.Supp.1992 § 152(4)(c) requires wrongful death claims against a political subdivision to be aggregated is supported by the Legislature's amendment of § 152 after the decisions in *Gleason* and in *Crawford.* Amendment of a statute once its meaning has been judicially determined indicates the legislative intent to alter the law.[9] Here, the Legislature corrected an omission in the Governmental Tort Claims Act to include a definition of claimant that makes it clear that aggregation is required.[10]

The requirement that claims be aggregated under the Governmental Tort Claims Act was foreshadowed by our pronouncement in *Oglesby.* There, we addressed the primary issue of aggregation of claims under the Oklahoma Property and Casualty Insurance Guaranty Association Act (Oklahoma Guaranty Act), 36 O.S.1991 2001 et seq. Based upon the plain language of 36 O.S.Supp.1985 § 2007, we found that parties whose claims arose from a single oc-

6. *Fuller v. Odom,* 741 P.2d 449, 452 (Okla.1987); *Matter of Phillips Petroleum Co.,* 652 P.2d 283, 285 (Okla.1982); *Becknell v. State Indus. Court,* 512 P.2d 1180, 1183 (Okla.1973).

7. *Fuller v. Odom,* see note 6, supra; *Duesterhaus v. City of Edmond,* 634 P.2d 720, 722 (Okla.1981).

8. *Anschutz Corp. v. Sanders,* 734 P.2d 1290, 1292 (Okla.1987); *McVicker v. Board of County Comm'rs,* 442 P.2d 297, 302 (Okla.1968); *Oklahoma Alcoholic Beverage Control Bd. v. Central Liquor Co.,* 421 P.2d 244, 248 (Okla.1966).

9. *Irwin v. Irwin,* 433 P.2d 931, 934 (Okla.1965).

10. This Court recognized the alteration of the law in *Oglesby v. Liberty Mut. Ins. Co.,* see note 1, supra.

currence could recover the $150,000.00 statutory limitation under the Oklahoma Guaranty Act. In reaching the determination that each of the claimants in *Oglesby* might be entitled to the statutory maximum, we discussed recovery under the Governmental Tort Claims Act:

"... The finding that each individual claimant may be entitled to recover under the Oklahoma Guaranty Act is supported by our prior jurisprudence. In *Independent School Dist. I–29 v. Crawford*, 688 P.2d 1291, 1294 (Okla.1984), we determined that the parents of an injured child and the child each were separate claimants entitled to the statutory maximum recovery under the Political Subdivision Tort Claims Act (Tort Claims Act), 51 O.S.Supp.1979 § 151, et seq. When *Crawford* was decided, the term "claimant" was not defined as a part of the Tort Claims Act. Under the Governmental Tort Claims Act, 51 O.S.Supp.1985 § 151, et seq., **claimant is now defined to require that claims be aggregated....**" [11] (Emphasis provided.)

Pursuant to the plain language of 51 O.S.Supp.1992 § 152(4)(c) and this Court's pronouncement in *Oglesby*, multiple claims of a claimant must be aggregated.

### CONCLUSION

Carlson seeks multiple recoveries under the Governmental Tort Claims Act for herself, her husband's estate, and her child. The express language of 51 O.S.Supp.1992 § 152(4)(c) [12] requires aggregation of these claims. Carlson's potential recovery is limited to the statutory cap of $100,000.00.[13]

CERTIFIED ORDER VACATED.

All Justices concur.

**11.** *Lekan v. P & L Fire Protection Co.*, 609 P.2d 1289, 1292 (Okla.1980); *Garrison v. State*, 420 P.2d 474, 477 (Okla.1966).

**12.** Title 51 O.S.Supp.1992 § 152(4)(c), see note 1, supra; *Oglesby v. Liberty Mut. Ins. Co.*, see note 1, supra.

**13.** Title 51 O.S.1991 § 154, see note 3, supra.