**Robert Doyle JOHNSON, Jr., Father and next friend of Robert Doyle Johnson, III, Appellant,**

v.

**Linda Jean JOHNSON, Woodrow Ross, and Michigan Mutual Insurance Company, Appellees.**

**No. 78827.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 16, 1993.

Delmer L. Stagner, Gary L. Blevins, Oklahoma City, for appellant.

Brad Smith, Tulsa, for appellee Woodrow Ross.

Jefferson G. Greer, Tulsa, for appellee Linda Jean Johnson.

## MEMORANDUM OPINION

HANSEN, Chief Judge:

Appellant, Robert Doyle Johnson, Jr., (Father), seeks review of the trial court's order denying his motion to vacate. Father and his son, Robert Doyle Johnson, III (Son), were involved in a car accident with Appellee Woodrow Ross. Appellee Michigan Mutual Insurance Company, (Insurer), is the insurer of the car driven by Father. Appellee Linda Jean Johnson, (Mother), is the custodial parent of Son. Mother has filed a motion to dismiss this appeal, maintaining Father was not a party to this cause of action and therefore has no standing to appeal.

This action, No. CJ–91–1238, is a consolidation of three actions. Father instituted cause No. CJ–91–579 against Ross and the Insurer to recover damages for his own personal injuries. He then instituted an action on behalf of his son, in Cause No. CJ–91–1033. The Plaintiff in CJ–91–1033 was "Robert Doyle Johnson, III, a minor, by and through his father, natural guardian and best friend, Robert Doyle Johnson, Jr." Mother then filed her petition for relief in Cause No. CJ–91–1238, the Plaintiffs being "Robert Doyle Johnson, III, a minor, by and through his mother and legal custodian, Linda Jean Johnson and Linda Jean Johnson, individually". The trial court consolidated all three actions based upon the parties' joint stipulation and motion for consolidation and transfer.

On May 30, 1991, the trial court dismissed No. 91–1033, finding that Mother is the proper party to recover damages for Son. The Plaintiff, the son through his father, did not appeal this dismissal. In August, 1991, judgment was rendered in Cause No. 91–1238. The judgment, which was based upon a settlement agreement with Insurer, awarded Son, $98,000.00, and awarded Mother $12,000.00 of the available $110,000.00 of the policy limits. Father filed his motion to vacate the judgment in No. 91–1238 arguing Mother breached her fiduciary duty to Son by entering into a settlement agreement which limited Son's recovery from $110,000.00 to $98,000.00, by agreeing to settle her individual claim for $12,000.00. Father also maintained Mother suffered no damages, nor paid any medical bills of Son, and was not entitled to recover any insurance proceeds which were available to her son. He asked the trial court to modify the judgment, by ensuring Son's portion of the award was not encumbered with Mother's attorney fees and to appoint Appellant as a co-trustee with Mother, over the funds awarded to Son in this action. Appellant also sought an evidentiary hear-

ing. The trial court denied his motion to vacate.

■ The first issue for our determination is whether Appellant is properly before this Court. Mother maintains that Father was dismissed as a party and that he has no standing to appeal. Father maintains he is not appealing the judgment in 91–1238 in his individual capacity but as the next friend for Son. He argues that Son has the right to appeal the trial court's decision and that Father may appeal as Son's next friend. There is no order in the record appointing a guardian ad litem. The trial court's order dismissing No. 91–1033 does, however, state that Mother is the legal custodian of Son and is therefore the proper party to proceed with an action to recover damages for Son. Father did not appeal this order. We agree with Father that Son may appeal the trial court's decision through a next friend.

Section 2017(C) of Title 12 provides:

Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person.

This section is modeled after Rule 17 of the Federal Rules of Civil Procedure. Under the federal rule, even though an infant has a general representative, if the representative is unable or refuses to act or his interests conflict with the person represented, the infant or incompetent may sue in federal court by his next friend or by a guardian ad litem. 3A J. Moore, J. Lucas and G. Grotheer, Jr., Moore's Federal Practice ¶ 17.26 (1992). *See also In re: Guardianship of Ivarsson,* 60 Wash.2d 733, 375 P.2d 509 (1962). If this were not the case, an infant would be left without review of a trial court's decision where the party representing the infant below did not wish to appeal. Mother's motion to dismiss is accordingly, denied.

■ The gist of Father's first proposition of error is the trial court's failure to protect Son's interests. Such failure, he argues, lies in the trial court's dismissal of Cause No. 91–1033 and because the Mother had an "obvious conflict of interest" with the Son in this action. Appellant failed to seek vacation, reversal or modification of the dismissal order or to appeal the order which dismissed Cause No. 91–1033 with prejudice. The order is now final and the dismissal of same cannot be attacked in this appeal.

■ With regard to the asserted conflict of interest, Father maintains the trial court erred in approving the settlement wherein Mother received $12,000.00 of the available $110,000.00 in insurance proceeds. Basically his argument is that a custodial parent cannot bring one cause of action individually for a parent's loss of services and for a child's personal injuries and then settle the action for the available insurance proceeds. Father has never presented this issue to the trial court even though he had an opportunity to do so at the hearing on the dismissal motion. The only authority cited by Father are cases which set forth the duty of courts to zealously guard the rights of minors.

Although based upon the negligence causing injury to a child, a parent's right of action for consequential damages based on loss of services and for expenses incurred as a result of a child's injury is separate from the child's right of action for personal injury. *Independent School District No. I–29 v. Crawford,* 688 P.2d 1291 (Okla.1984); *Retherford v. Halliburton Company,* 572 P.2d 966 (Okla.1977). Although the claims of the child and of the parents are not required to be joined, it may be desirable to join both causes of action in one suit. *Crawford,* at 1294. As previously noted, there was no order appointing Mother guardian ad litem. The trial court simply found Mother was the

proper person to bring suit for Son's personal injuries. We need not reach Father's contention that Mother breached a fiduciary duty to Son because we cannot find that she and Son stood in a fiduciary relationship. Furthermore, we do not find that as a matter of law, an "obvious" or inherent conflict of interest exists when a parent brings one suit for both loss of services and on behalf of the child for the child's personal injury. Accordingly, Father's contention the trial court failed to protect son's interest by approving the settlement is without merit.

Appellee, Linda Jean Johnson's motion for costs and attorney fees on appeal are denied.

The judgment of the trial court is therefore, AFFIRMED.

BAILEY, P.J., and HUNTER, J., concur.