### ENTERLINE v. SMITH et al.

No. 14942—Opinion Filed Nov. 12, 1924.

Rehearing Denied Dec. 30, 1924.

1. **Municipal Corporations — Automobile Collision in Street—Negligence—Right of Way—Jury Question.**

In an action for damages for injury to an automobile, caused by collision at a street intersection, where the testimony clearly shows that each driver at the time of the collision was upon the right of the center of the street upon which he was driving as he approached the intersection, and where the testimony further shows in detail the nature, extent, and location of the injuries to each car from the collision, it is a question of fact for the jury to determine as to which driver first entered the intersection and was entitled to right of way across it.

2. **Appeal and Error—Harmless Error—Instructions.**

In such case where the ordinance and law relating to the rights and duties of drivers in the use of the streets are introduced in evidence and read to the jury, an instruction by the court which inadvertently transposes the east and south directions contained in the ordinance, while erroneous, is harmless, for the reason that the jury could not possibly have been misled or confused thereby in its consideration of the evidence.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by C. V. Smith and Alta M. Smith, husband and wife, against J. W. Enterline. Judgment for plaintiffs, and defendant brings error. Affirmed.

This action was originally commenced before a justice of the peace, resulting in a judgment there in favor of the plaintiffs from which defendant appealed to the district court, and upon trial de novo in that court before a jury there was verdict and judgment given for plaintiffs, to reverse which this proceeding in error was commenced.

Substantially, the facts shown by the record are these: That on July 23, 1922, plaintiffs were driving east on West 16th street in Oklahoma City in an automobile; at the intersection of 16th street and Harvey avenue they met the defendant, who was traveling north on Harvey in a Ford roadster equipped with a truck body; that a collision occurred at this intersection resulting in considerable damage to both vehicles; that plaintiffs brought their action to recover the sum of $60 for damage to their automobile, and the defendant filed a cross-petition asking for $62.25 as damages for injury to his Ford truck. The pleadings of the parties were appropriate to present the issues thus raised to the court and jury.

The verdict and judgment in district court were in favor of plaintiffs for $60. The parties will be hereafter referred to as plaintiffs and defendant, respectively, as they appeared in the trial court.

Warren K. Snyder, for plaintiff in error.

J. E. Crowder, for defendants in error.

Opinion by LOGSDON, C. There are six assignments of error in the petition in error, but the contentions made by defendant for a reversal are fully stated in the following paragraph at page 5 of his brief:

"The principal position that we take in this case is that the court erred in not sustaining motion for new trial. That the court committed further error in its charge to the jury. That the court committed further error in that he failed to charge the jury fully or properly with relation to the law of the case according to the pleadings and the evidence of the case. That the instructions given do not embody the law of the case. Instructions given are not the correct instructions.'

It is thus apparent that defendant's whole reliance for reversal of this case is based upon error committed by the court in its instructions to the jury. Based upon the al-

leged errors in the instructions · the further contention is made that the trial court erred in overruling defendant's motion for a new trial.

Defendant offered in evidence sections 1199 and 1204 of the ordinances of the city of Oklahoma City, section 1199 requiring vehicles to travel on the right hand side of the street, and section 1204 providing that vehicles traveling a general northerly or southerly direction shall have the right of way over those traveling in a general east or west direction. Defendant also introduced in evidence Rule 7 of section 10164, Comp. Stat. 1921, providing that at intersecting roads or streets, vehicles approaching from the right shall have right of way over those approaching from the left. It is upon this record evidence that defendant bases his complaint of instructions 4, 5, and 7½. These instructions read as follows:

"4. You are further instructed that if you find and believe from a preponderance of the evidence that plaintiffs were driving east on Sixteenth street on the south side thereof, as alleged in their petition, and that defendant driving north on Harvey street at a high and dangerous rate of speed negligently ran his car against and into the car of plaintiffs, thereby causing damage and that plaintiffs were guilty of no contributory negligence therein, then plaintiffs would be entitled to recover the amount you may find from the evidence they have sustained, because of said collision, not exceeding, however, the sum of $60, the amount sued for.

"5. You are further instructed that if you find and believe from a preponderance of the evidence herein that the defendant was driving his automobile north on the right hand side of Harvey street and was guilty of no negligence therein and that plaintiffs were driving east on Sixteenth street in a negligent and reckless manner, as alleged in defendant's cross-petition, and that because of said negligence on the part of plaintiffs, their automobile collided with the car of defendant thereby inflicting injuries thereon, then your verdict should be for the defendant for such sum or amount on his cross-petition as you may find from the evidence he has sustained, not exceeding the sum of $62.25, the amount sued for.

"7½. You are further instructed that notwithstanding the laws and ordinances which have been introduced in this case provide that a person driving north or east has the right of way over a person driving south or west at a street intersection, that if you find from the evidence that the plaintiffs driving their car eastward along on West Sixteenth street entered the street intersection before the defendant, that in that event, they had the right of way and it was not necessary for them to back out in order to let the defendant pass."

The testimony of the eye witnesses as to the portion of 16th street on which plaintiff Smith was driving as he approached the intersection of 16th and Harvey, is as follows: Miss Dorothy Quay, on direct examination by plaintiffs, testified:

"Q. Which side of the street were they going on, the right hand side or the left hand side? A. The right hand side."

On cross-examination:

"Q. Was Smith's car, when it approached the intersection of Harvey St. over about the center of the street? A. A little to the right, I think. Q. Then he was a little south? A. Yes, sir. Q. South of the center of 16th St.? A. Yes, sir."

C. V. Smith, direct examination:

"Q. Now, which side of the street were you driving on, the right or left? A. I was driving on the right side."

Cross-examination:

"Q. How far were you from the center of 16th St. when your car, when you were driving from the west towards the east, and on which side of the center were you? A. Before or a ter he hit us? Q. When you were driving to the intersection? A. Well, we were driving on the south side of 16th St."

J. W. Enterline, the defendant, on direct examination, testified:

"Q. Where were they with relation to the west side of Harvey St. moving on 16th St. in an easterly direction when you first saw them? A. Well they were about the middle or a little south of the middle of 16th St. coming east, going east. Q. Where were they with reference to the west line of Harvey St.; they were running in an easterly direction, weren't they? A. Yes, sir, you mean—(Interruption). Q. Yes, or a little south as I understand you of the center of 16th St. A. Yes, sir, they were about a little south of the center of 16th St."

On cross-examination:

"A. Why, he was something near the middle or a little on the right hand side of the street, and I was here next to this curb, just about as close as I could get."

It is thus apparent from the testimony of the three eye witnesses who testified, including the defendant, that as plaintiffs approached the intersection of Harvey and 16th their car was on the right or south side of the center of 16th street going in an easterly direction. With the testimony in this condition there is no error apparent in instruction No. 4, as it fairly stated to the jury plaintiffs' theory of the case. As to instruction No. 7½, it is very apparent that the court inadvertently transposed the directions of the compass in stating the duties of the respective drivers as they approached

this intersection. But in view of the fact that there is no dispute in the testimony and that it is entirely clear and conceded that plaintiffs were driving east and defendant driving north at the time of the collision it is not conceivable that this inadvertent transposition of directions by the court in this instruction could have misled or confused the jury in its consideration of the case, and that portion of this instruction which informed the jury that if plaintiffs entered the intersection before the defendant did they were entitled to cross ahead of the defendant is deemed to be a correct statement of the law.

Instruction No. 3, complained of, merely tells the jury that the burden rests upon each of the parties to establish by a preponderance of the evidence their respective affirmative claims against the other. No error is apparent in this instruction.

Instruction No. 5 presents defendant's theory under his cross-petition, and is considered to be a fair and correct instruction upon the issues raised by the cross-petition.

Both the car of plaintiff and the truck of defendant were damaged in this collision. The testimony was clear and full as to the nature, extent, and location of the injuries to both. It was for the jury to say from a consideration of all of the evidence in the case under the instructions of the court whether the fault for the collision and resultant damage rested on plaintiffs or defendant. There can be no question from an examination of the record in this case that the verdict of the jury fixing that responsibility upon the defendant finds ample support. This being the case, and the instructions of the court having fairly presented the law applicable to the facts to the jury, the verdict of the jury must stand as a correct conclusion from the facts under the law of this case.

The judgment of the trial court should, therefore, in all things be affirmed.

By the Court: It is so ordered.