## McINTIRE v. BURNS.

No. 23096. April 9, 1935.

Rehearing Denied May 7, 1935.

Ben F. Williams, T. R. Benedum, and Homer Cowan, for plaintiff in error.

Luttrell & Holland, for defendant in error.

PER CURIAM. This is an action brought by Edith Burns, who was riding in an automobile driven by Mary Hough upon Brook street, a street running east and west in the city of Norman, Okla., for damages for personal injury growing out of a collision with a bus driven by an employee of J. A. McIntire at the southwest corner of the intersection of Brook street and Chautauqua street, a street running north and south in the city of Norman, Okla. Plaintiff's automobile was traveling east and the defendant's bus was traveling south, each upon their proper side of the street. Plaintiff in error, defendant below, relies principally upon three propositions argued in his brief as follows:

(1) Failure of the court to sustain the demurrer to the evidence.

(2) Giving of erroneous instructions.

(3 Failure to instruct upon the issues raised by the pleadings and by the evidence.

We consider the last the most vital and shall discuss it first.

It appears from the plaintiff's petition and from the defendant's answer that a decisive issue was made upon the question as to which party had the right of way. On page 4 of the record, in one of the acts of negligence alleged, the language used is as follows:

"* * * and without permitting plaintiff and the said automobile in which she was

an occupant, as aforesaid, to have the right of way in the crossing of the said street intersection."

The defendant's answer, page 4, was a general denial denying each and every material allegation therein contained and pleading contributory negligence. The allegation and the general denial raised the issue as to who was entitled to the right of way, and upon this the court should have instructed the jury. In Swift v. McMurray, 133 Okla. 104, 271 P. 635, the court said:

"It is the duty of the trial court upon his own motion to properly instruct the jury upon the decisive issues formed by the pleadings and the evidence, and a failure to do so constitutes reversible error."

This matter became a question of fact for the jury to decide upon proper instructions by the court. In the case of Enterline v. Smith, 105 Okla. 200, 231 P. 1064, the court said:

"In an action for damages for injury to an automobile caused by a collision at a street intersection, where the testimony clearly shows that each driver at the time of the collision was upon the right of the center of the street upon which he was driving as he approached the intersection, and where the testimony further shows in detail the nature, extent, and location of the injuries to each car from the collision, it is a question of fact for the jury to determine as to which driver'-first entered the intersection and was entitled to right of way across it."

The position of the automobile and bus at the time of the collision shows that the bus was within the intersection before plaintiff's car had reached it. The evidence showed that none of the occupants of the automobile observed the bus until they were within approximately five feet of it. The testimony of the passengers on the bus shows that they observed the automobile a half block or more away to the west. That being the case, the bus had the right to enter the intersection even though the automobile approaching from the right would have had the right of way had they each approached the intersection at the same time. However, the ordinance of the city made Chautauqua street a boulevard and gave persons on the boulevard the right of way.

Some of the instructions in this case are erroneous. No. 8, in the last paragraph instructs the jury that, if both parties were negligent no recovery could be had, and this is a correct statement of the law, if plaintiff's driver had been bringing the action, but has no application to the case under consideration.

Instruction No. 8-A is erroneous for the reason that it does not require the jury to find that the negligence of the defendant in violating the city ordinance was the proximate, or contributing cause to the injury of plaintiff. In the case of Freeborn v. Holt, 100 Okla. 50, 227 P. 136, the court said:

"In an action for damages, where it is alleged by the plaintiff that he has been damaged by collision with an automobile, driven by the minor son of the defendant, under the age limit required by a city ordinance for drivers of automobiles, and an instruction is given by the court to the jury that such violation of the city ordinance was negligence per se, and at the request of the defendant, the court refused to give the further charge to the jury that such violation of the ordinance alone would not authorize a verdict against the defendant, unless the jury further found that the violation of the municipal ordinance was the proximate cause of the injury and was not directly contributed to by want of due care on part of the plaintiff, this was error, and the court should have further charged the jury that the violation of said ordinance must be the proximate cause of the injury and that they must find that said violation had some causal connection with said injury."

We believe that instruction No. 9, which absolves plaintiff from any negligence of her driver, and instruction No. 10, which absolves her from any contributory negligence of the driver, are misleading in this, that they instruct the jury that plaintiff would be entitled to recover unless she, the plaintiff, was guilty of negligence or contributory negligence, and this without any reference to whether the defendant was negligent or not. We do not believe that this is cured by the giving of other instructions. Instruction No. 12 is misleading for the reason that while the issue was raised by the pleadings, there was no evidence by either party that the bus ran into the car in which plaintiff was riding, but all of the evidence showed that the automobile in which plaintiff was riding ran into the bus, and struck it approximately at the center of the west side.

For the reasons above mentioned, the said cause is reversed and remanded for further proceeding in conformity with this opinion.

The Supreme Court acknowledges the aid of Attorneys J. E. Falkenberg, A. W. Billings, and J. Wilford Hill in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State

154

Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Falkenburg and approved by Mr. Billings and Mr. Hill, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. BAYLESS and PHELPS, JJ., absent.