RISER et al. v. HERR.

No. 29360. April 30, 1940.

*102 P. 2d 178.*

Dolman, Dyer & Dolman, of Ardmore, for plaintiff in error.

Williams & Williams, of Ardmore, for defendant in error.

DAVISON, J. In this appeal, the plaintiff in error seeks a reversal of the trial court's order denying her a new trial of an action in which the defendant in error herein recovered a judgment against her in the sum of $1,500 for detriment the former sustained from an automobile collision.

The collision occurred when a truck belonging to the defendant collided in the intersection of B Street Northwest and Second Avenue in the city of Ardmore, Okla., with the automobile in which the plaintiff was riding. For the sake of brevity the last-mentioned vehicle will be referred to as the plaintiff's automobile or car, although there is no proof in the record that she owned it and the matter is immaterial in this controversy.

The plaintiff's car entered the intersection from the north via B Street; the defendant's truck entered it from the east via Second Avenue. Thus with respect to the relative position of the two cars as they neared the intersection, the plaintiff's car was to the right of the defendant's truck.

In her petition the plaintiff asserted that in approaching the intersection it was the duty of the driver of the truck under the laws of this state to look out for traffic approaching from the right, and that he failed to perform this duty.

In her answer the defendant denied (in addition to other allegations of the petition) that plaintiff's car had the right of way at the intersection, specifically alleged that her truck had the right of way and was nearly across the intersection when it was struck by plaintiff's car.

At the trial both parties introduced evidence in support of their respective theories as to which of the drivers had the right of way at the intersection.

In his instructions to the jury upon this issue, the trial court in paragraphs 6 and 8 thereof said, among other things, that vehicles approaching an intersection from the right have the right of way over those approaching it from the left, and that it was the duty of a driver approaching an intersection to operate his automobile in such a manner "as to be in a position to accord any other vehicle from a direction favored under the law the right of way to enter and cross the intersection ahead. * * *" The defendant contends that these instructions are inapplicable to the present case, because the undisputed evidence shows that her truck reached the intersection before the plaintiff's automobile arrived there, and for this reason the court also erred in failing and refusing to instruct the jury that regardless of the directions from which the two cars approached the intersection, the first one entering it had the right of way. In her argument the defendant says that, since her claim to the right of way at the intersection was such a substantial part of her defense and such an important issue in the cause, the court's error amounted to a failure to instruct upon the issues of the cause and to submit her theory of defense to the jury, thus denying her a substantial right. With this contention we must agree. An examination of the record reveals that the point

under discussion was one of the issues, if not the principal one, joined both by the pleadings and the evidence. While we do not find it necessary to adopt the defendant's conclusion as to the conclusiveness of the evidence in her favor, and to say that paragraphs 6 and 8 of the instructions were entirely inapplicable to the cause, we do find that there was competent evidence to support her claim to the right of way, and this was undoubtedly a pivotal factor both in her defense and in the proper determination of the controversy. An examination of the entire body of the court's instructions reveals an utter absence of an instruction incorporating the proposition the defendant urges, and in prior decisions of this court it has been upheld as a correct statement of the law. See Enterline v. Smith, 105 Okla. 200, 231 P. 1064; Newell v. Musgrove, 129 Okla. 207, 209, 264 P. 156, 158; Yellow Taxicab Co. v. Pettyjohn, 157 Okla. 232, 233, 11 P. 2d 487, 488; McIntire v. Burns, 172 Okla. 152, 42 P. 2d 143; Sinclair Oil & Gas Co. v. Armour, 172 Okla. 442, 444, 445, 45 P. 2d 754, 756. Upon the foregoing considerations, we conclude that the trial court erred in failing to instruct the jury as to which of the two vehicles had the right of way, if they found that one of them entered the intersection before the other.

Counsel for the plaintiff assert, however, that if the court erred in this respect, said error is not ground for reversal, because the instruction which the defendant offered upon the issues under discussion contained the incorrect hypothesis that if the defendant's truck entered the intersection before the plaintiff's car, the driver of the truck would not be negligent in proceeding across said intersection. This argument, of course, is based upon the rule that courts are not obliged to accede to a litigant's request for an instruction that is not entirely correct. We cannot concur in counsel's apparent view that the court's failure to instruct the jury as to the respective rights of the drivers of two cars entering an intersection at different times was harmless error, merely because of the asserted defect in the instruction requested upon that issue. It is the duty of the court, without a request and upon its own initiative, to instruct the jury upon all of the vital factors of the tenable legal theories of both litigants concerning the issues of fact. See Liberty National Bank of Weatherford v. Semkoff, 184 Okla. 18, 84 P. 2d 438; Indian Territory Illuminating Co. v. Johnson, 177 Okla. 288, 58 P. 2d 888; Treeman v. Frey, 140 Okla. 201, 282 P. 452; Swift v. McMurray, 133 Okla. 104, 271 P. 635; Clark v. Herbert, 132 Okla. 272, 270 P. 329. As we have concluded that the trial court's failure to discharge this duty entitles the defendant to a new trial, it is unnecessary to consider the other errors assigned.

The judgment heretofore entered herein is hereby reversed and said cause is remanded to the trial court for further proceedings not inconsistent with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and GIBSON, JJ., concur.