ELAM v. BEVERLY et al.

No. 30321.   June 23, 1942.

Rehearing Denied Sept. 15, 1942.
Second Petition for Rehearing Denied Oct. 20, 1942.

*129 P. 2d 838.*

Clayton Carder, of Hobart, for plaintiff in error.

Richardson, Shartel, Cochran, Chilson & Pruet, of Oklahoma City, and Finis C. Gillispie, of Hobart, for defendants in error.

BAYLESS, J.   N. B. Elam sued Boyd Beverly and General Baking Company, a corporation, master and servant, and the insurance carrier of the master, for damages alleged to have been suffered as a result of the negligent and careless manner in which the said Beverly drove the truck belonging to the master and insured by the insurance company. The verdict of the jury was for the defendants, and the plaintiff has appealed.

Several assignments of error are made and argued, but there is one relating to the instructions that we think touches a fundamental issue, and is meritorious, and for that reason the judgment must be reversed.

Among other charges of negligence made by the plaintiff against the defendants is the one that Beverly was driving the truck in excess of 35 miles per hour, and therefore in violation of 47 O. S. 1941 § 95, and such act of negligence should be characterized as negligence per se.   The defendants charged that plaintiff drove his automobile from a side road into a main highway, and they argue here that this was done in disregard of a stop sign or signal, and in disregard of the general rule of the road that gives traffic on the main highway the right of way over the traffic coming into the highway from side roads.

In the instructions given by the court, the court did not characterize the negligence of the defendant Beverly as negligence per se, but simply told the jury that if they found that he was driving the truck in excess of 35 miles per hour, this amounted to violation of the state law, and the jury "should consider this fact along with the other evidence in arriving at your verdict." The plaintiff excepted to the giving of this instruction and submitted certain instructions

of his own, among which was an instruction telling the jury that the operation of a truck such as this in excess of 35 miles per hour was a violation of the law and negligence per se, and that if they found that the truck was so driven and the collision and injuries to the plaintiff were the direct and proximate result thereof, the verdict should be for the plaintiff unless the plaintiff is guilty of contributory negligence. The trial court declined to give this instruction.

Plaintiff argues that the rule in Oklahoma is that the violation of a statute under circumstances such as these amounts to negligence in law or negligence per se, and that it was error for the trial court to fail to give an instruction on its own responsibility on this fundamental issue, and also error for the trial court, where it has failed to so instruct on its own responsibility, to decline to give a requested instruction to that effect. Defendants do not contend that the plaintiff is in error in characterizing negligence of this character as negligence per se, but argue that the view taken of the matter as disclosed by the trial court's instructions on the acts of alleged negligence of both the plaintiff and Beverly discloses a view of the law more favorable to the plaintiff than the law embodied in the instruction requested by the plaintiff. We have considered the requested instruction and the instructions given in light of this argument, and we are unable to agree with the defendants.

In addition to this the defendants assert that the plaintiff made only a general assignment in his motion for new trial and in his petition in error to the effect that the court erred in failing to give requested instructions 1 to 7, and that under the rule in Butts v. Anthis, 181 Okla. 276, 73 P. 2d 843, and other Oklahoma cases, this is not a sufficient assignment of error to enable the complaining party to point out a single instruction as the basis for error. The defendants are correct in this statement of the facts and rule insofar as the argument goes, but the defendants have overlooked the fact that plaintiff assigned in his motion for new trial and petition in error a general assignment that the court erred in failing to give instructions on its own motion that covered substantial and fundamental issues in the case, and which omission the plaintiff called to the attention of the court by the nature of certain requested instructions.

We are of the opinion that the trial court ought to have given on its own motion an instruction that embodied the ideas involved in the instruction requested by the plaintiff, for we feel that it is proper to designate an act of conduct amounting to a violation of state statute as negligence per se. The trial court merely instructed the jury that this alleged violation of the law was a circumstance which it could take into consideration along with the others, and the jury may have inferred from this that the act of violating the law might or might not be negligence, whereas the law characterizes it as negligence in law and leaves no room for a debate on the point. Of course, it was necessary for the jury to determine whether this act of negligence per se was a direct and proximate cause of the injury to the plaintiff, but this aspect of the matter was amply covered in the requested instruction.

We are of the opinion that the failure of the trial court to correctly instruct on this issue on its own motion, and especially after it was called to the court's attention by the plaintiff, was erroneous; that the issue involved was fundamental and the failure to instruct thereon was prejudicial to the plaintiff.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.