## FISHER v. STURGEON.

No. 34224.   July 17, 1951.

*234 P. 2d 375.*

F. A. Bodovitz, Tulsa, for plaintiff in error.

Hughey Baker, Tulsa, for defendant in error.

DAVISON, J. This is an action brought by G. C. Sturgeon, plaintiff, to recover from Lewis Fisher, defendant, damage done to his automobile in a collision with defendant's pick-up truck at a highway intersection, resulting directly and proximately from the alleged negligent operation thereof by defendant. The parties will be referred to as they appeared in the trial court.

At about 11:30 on the morning of August 3, 1948, plaintiff was driving his 1942 2-door Chevrolet automobile, ocupied by himself and five other persons, in a westerly direction on a hard surfaced road some five miles south of Broken Arrow, Oklahoma, at a point where that road is intersected by a north-south oiled surfaced road. At the same time, defendant was driving a Chevrolet pick-up truck in a northerly direction upon the north-south intersecting road. Both cars were approaching the intersection, which was the place where the two motor vehicles collided. Plaintiff alleged that the collision and resultant damage was caused directly and proximately by the careless operation of his said pick-up truck by the defendant; that defendant was driving at a high and dangerous rate of speed from a side road onto a heavily traveled road; that said defendant failed to yield the right of way to plaintiff who was to the right of defendant and who also was first to enter the intersection. Plaintiff further alleged that defendant was negligent in that he so operated his automobile that he could not bring it to a stop within the assured clear distance ahead.

The defendant, by answer, specifically denied each allegation of his negligence contained in the petition of plaintiff and affirmatively alleged that he had the right of way because he entered the intersection prior to plaintiff's entry thereof and had crossed more than one-half of the same before plaintiff entered it. Defendant further alleged negligence on the part of plaintiff as the direct and proximate cause of the collision. The answer also contained a cross-petition whereby defendant sought to recover from plaintiff the damage he suffered as a result of plaintiff's negligence. The case was tried to a jury upon conflicting evidence with reference to all alleged acts of negligence by both parties. The verdict was for plaintiff in the sum of $497.50, the amount sued for. From the judgment based thereon, defendant has appealed.

Only one assignment of error argued by the defendant need be considered since it alone requires a reversal and remand of the cause.

Founded upon the provisions of 69 O.S. 1941 §583, the trial court, inter alia, gave the following instruction to the jury:

"Under the rules of the road it is provided that at intersection roads or streets, vehicles, approaching from the right shall have the right of way over those approaching from the left.

"You are advised that the violation of either of these provisions is as a matter of law negligence of itself, but before you can base recovery for either party on such negligence you must be satisfied and find that the violation of the statute was the direct and proximate cause of the injury,"

to the giving of which defendant objected and excepted.

Raised by the pleadings, and made a very vital issue in the evidence, was the question of who entered the intersection first and thus obtained the right of way by virtue of the above-cited statute. The jury was not instructed on that issue. Plaintiff below, defendant in error here, argues that, since defendant did not request an instruction upon this issue, he cannot now be heard to complain, relying upon the cases of Armstrong v. Green, 113 Okla. 254, 241 P. 789, and Haynie v. Olson Drilling Co., 189 Okla. 527, 118 P. 2d 230, among others. An examination of these cases, however, will reveal that, in them, the violation of the rules of the road was not made an issue by the pleadings and evidence as was done in the case

at bar. That is pointed out in the first above-cited case in distinguishing it from the earlier case of Oklahoma Producing & Refining Corporation v. Freeman, 88 Okla. 166, 212 P. 742.

The instant case is almost identical to, and is controlled by, the case of Riser v. Herr, 187 Okla. 211, 102 P. 2d 178, wherein it was said:

"Upon the foregoing considerations, we conclude that the trial court erred in failing to instruct the jury as to which of the two vehicles had the right of way, if they found that one of them entered the intersection before the other. . . . It is the duty of the court without a request and upon its own initiative to instruct the jury upon all of the vital factors of the tenable legal theories of both litigants concerning the issues of fact."

In the case under consideration, the trial court was in error in failing to instruct the jury upon this vital issue. We see no difference in the importance of such an instruction here and in the Riser v. Herr case, supra.

Reversed and remanded for a new trial.

ARNOLD, C. J., LUTTRELL, V. C. J., and GIBSON, JOHNSON, and O'NEAL, JJ., concur.