George FOWLER, Plaintiff in Error,

v.

Forris SYLVAN, Defendant in Error.

No. 38981.

Supreme Court of Oklahoma.

Feb. 21, 1961.

Rehearing Denied April 11, 1961.

William Bishop, Seminole, for plaintiff in error.

Donald Church, Tulsa, for defendant in error.

BERRY, Justice.

In this action, plaintiff in error, George Fowler, hereafter referred to as "plaintiff", secks to recover damages from defendant in error, Forris Sylvan, hereafter referred to as "defendant", for bodily injuries al-

legedly sustained upon a Chevrolet pick-up truck owned and operated by defendant colliding with an International truck operated by plaintiff at the intersection of dirt-gravel roads in Okmulgee County, Oklahoma. Plaintiff approached the intersection from the east and defendant approached the intersection from the south.

In his petition, plaintiff alleged that the collision resulted from defendant's negligence in that (a) defendant operated his pick-up at a speed in excess of 55 miles per hour in violation of 47 O.S.1951, 121.3 as amended; in that (b) defendant failed to yield the right-of-way in violation of 47 O.S.1951 § 121.6 as amended; in that (c) defendant failed to drive to the right of the center of the road (east portion of the intersection) in violation of 47 O.S.1951 § 121.4(a).

In his answer defendant alleged that plaintiff was negligent in that (1) plaintiff failed to yield the right-of-way to defendant whose pick-up was the first to enter the intersection; in that (2) plaintiff failed to keep a proper lookout for other vehicles using the intersection; in that (3) plaintiff failed to operate his truck at a prudent speed, etc., in violation of Sec. 121.3, supra; in that (4) plaintiff operated his truck at an excessive speed of approximately 55 miles per hour; in that (5) plaintiff carelessly and recklessly drove his truck into defendant's pick-up.

The case was tried to a jury. The jury returned a verdict in favor of defendant and judgment was subsequently entered on the verdict in favor of defendant. From order of the trial court denying plaintiff's motion for new trial, plaintiff perfected this appeal.

The only pertinent uncontradicted evidence is that because of a heavy growth of trees, underbrush and weeds to the southeast of the intersection, neither plaintiff nor defendant could see the approaching vehicle of the other until his vehicle reached the intersection; that the roads over which plaintiff was traveling and the road over which defendant was traveling are generally referred to as "country roads"; that plaintiff approached the intersection from defendant's right; that defendant's pick-up struck plaintiff's truck; that the right portion of defendant's pick-up was to the west of the center line of the road over which it was traveling when the accident occurred.

There was competent evidence that defendant's pick-up was the first vehicle to enter the intersection and there was competent evidence that plaintiff's truck was the first vehicle to enter the intersection. There was competent evidence that plaintiff's truck was traveling at a speed of approximately 55 miles per hour upon entering the intersection. There was competent evidence from which the jury could have concluded that both plaintiff and defendant operated their vehicles in violation of the provisions of Sec. 121.3, supra, to the effect that a person shall operate his vehicle at a careful and prudent speed not greater than nor less than is reasonable and proper under existing conditions and shall not operate his vehicle at a speed greater than will permit him to bring it to a stop within the assured clear distance.

The plaintiff does not contend that there was no competent evidence tending to show that the collision resulted from his negligence or that said negligence could not have been the proximate cause of the collision. To the contrary, plaintiff's complaint of error below is based primarily upon the proposition that the trial court erred in refusing to give certain instructions which he requested and in not giving instructions on fundamental law applicable to the issues raised and presented by the pleadings and evidence. Plaintiff failed to except to any of the instructions that were given by the court.

■ Plaintiff's claim to error on the trial court's part is based principally upon the proposition that said court erred in refusing to give his requested Instruction "No. 8", which instruction reads as follows:

"You are instructed that an automobilist, on approaching an intersection, aside from operating at a proper speed, with his car under reasonable control

and giving warning to other travelers who might be injured by his machine, should run on the right hand side of the highway in accordance with the law of the road applicable to such travel."

The only instruction which relates directly to the issue of whether defendant was negligent in not keeping to the east of the center of the road over which he was driving and to the east portion of the intersection which he entered was the trial court's Instruction "No. 8". This instruction reads in part as follows:

"Should you find, from a preponderance of the evidence herein that the defendant was guilty of any of the acts of negligence alleged in plaintiff's petition, and that such negligence was the direct and proximate cause of the injury, if any, to the plaintiff, and the plaintiff was not guilty of contributory negligence, then your verdict should be for the plaintiff and against the defendant; * * *."

In summarizing the pleading, the court restated this portion of plaintiff's petition:

"The Plaintiff further alleges that the defendant was negligent in disregarding 47 O.S.A. 121.4(a) which provides as follows:

"'Upon all roadways of sufficient width a vehicle shall be driven to the right of the center of the roadway * * *.'"

As we read plaintiff's brief, he takes the position that the referred-to instruction was wholly inadequate and in fact did not constitute an instruction on the issue under consideration. We are unable to agree. See Garret v. Lacquement, Okl., 306 P.2d 696, where effect was given to a very similar instruction. Consistent with his position as above stated, plaintiff contends that the duty rested upon the trial court to instruct on fundamental issues on its own motion; that the issue under consideration was fundamental and since no instruction was given on same the trial court erred. In support of his position, plaintiff cites and quotes from McIntire v. Burns, 172 Okl. 152, 42 P.2d 143; Oklahoma Transportation Co., Inc. et al. v. Green, Okl., 344 P.2d 660; and Riser v. Herr, 187 Okl. 211, 102 P.2d 178.

While we do not fully approve of the manner in which the jury was instructed on the issue under consideration, nor do we recommend giving instructions in said manner, we are of the opinion that the trial court did, in a general way, instruct on said issue. Therefore, and since plaintiff for reasons heretofore given is not in a position to assert error based upon the court's alleged error in refusing to give his requested instruction on said issue, plaintiff cannot predicate reversible error upon the proposition that the trial court committed fundamental error in giving the instruction that he gave. In the first paragraph of the syllabus to Oklahoma Transportation Co. et al. v. Stine, Okl., 280 P.2d 1020, 1021, this is said:

"It is the duty of the trial court in instructing the jury on its own motion to instruct upon the decisive issues raised by the pleadings and evidence in the case; but where the trial court does, in a general way, instruct as to all of such issues and neither party desires a more specific instruction as to any of such issues it is his duty to request such an instruction. In the absence of such request the court is not required to do so."

As we understand plaintiff's contentions, he contends that the trial court committed fundamental error in failing to instruct on other issues which were covered by other instructions which plaintiff requested. These instructions dealt generally with the matter of which of the parties had the right-of-way at the intersection; the duty resting upon the party who did not have the right-of-way and the rights of the party who had the right-of-way. On the issues covered by said requested instructions, the trial court instructed as follows:

"No. 4. Under the laws of this state, at intersecting roads or streets, vehicles

approaching from the right shall have the right of way over those approaching from the left, and this means that where two vehicles reach the intersection at approximately the same time the one approaching from the left shall pause and permit the one approaching from the right to pass the intersection first, but if the vehicle approaching from the left reaches the intersection an appreciable length of time ahead of one approaching from the right, it would have the right of way since the vehicle entering the intersection first has the right of way over the other, whether approaching from the right or left. This does not mean that a vehicle not having the right of way, must at its peril avoid collision with the vehicle having the right of way, irrespective of care or negligence by either party, nor does this release the driver of the favored vehicle from the duty of exercising due care. Both drivers must exercise every reasonable precaution, commensurate with apparent dangers incident to crossing intersections burdened with traffic to avoid injury to the persons or property on such roads or streets regardless of which vehicle has the right of way."

While the instruction no doubt would have been clearer if the phrase "enters the intersection" had been substituted for the phrase "reaches the intersection" we are of the opinion that the quoted instruction adequately stated the law bearing upon the issues which related to the matter of which party may, under the facts, have had the right-of-way at the intersection and the corresponding duties and rights of the parties at said intersection. In the second paragraph of the syllabus to Oklahoma Transportation Co. et al. v. Stine, supra, this is said:

"Where the instructions as a whole clearly and fairly state the issues to be submitted to the jury, it is not error to refuse requested instructions."

Plaintiff also contends, as we understand his contention, that the testimony of all witnesses except that of defendant and wife, shows that the collision was the direct result and proximate cause of defendant's negligence. In so contending, the plaintiff overlooks the fact that if the jury chose to believe the testimony of defendant and his wife, they could have concluded as they apparently did, that the collision was the direct result and proximate cause of plaintiff's negligence or contributory negligence.

After having carefully examined the record, we are of the conviction that plaintiff has wholly failed to show reversible error on the trial court's part.

Affirmed.