Julius E. LINDEMANN and Commercial Trades Institute, Plaintiffs in Error,

v.

Viola RANDOLPH, Defendant in Error.

No. 40888.

Supreme Court of Oklahoma.

Dec. 28, 1965.

Rehearing Denied May 17, 1966.

Alfred B. Knight, Tulsa, for plaintiffs in error.

Charles E. Daniel, Drumright, for defendant in error.

BERRY, Justice.

Presented herein is the appeal of Julius E. Lindemann and Commercial Trades Institute, defendants in the trial court, from a judgment rendered against them upon a jury verdict in plaintiff's favor, in an action to recover damages for personal injuries received in an automobile accident which occurred under the following physical surroundings and ciricumstances hereafter related.

Highway 33 runs generally east and west from Drumright, Oklahoma. A short distance east of the City this highway is intersected by Highway 99 which runs north and south. There are no stop signs on Highway 33 but there are stop signs on Highway 99 at this intersection. Concrete islands, or medians, located opposite the center of the intersection separate traffic approaching and clearing the intersection. These traffic lanes are 24 feet wide along each side of the medians. Some distance east there is located a sign limiting speed to 50 miles per hour, which is not visible from the intersection because of an intervening rise. Westbound traffic on Highway 33 can be seen for a distance of 500 feet east of the intersection.

The parties to this action were involved in an accident at this intersection at approximately 1:15 p. m. on September 10, 1962, a clear warm day. Plaintiff was a passenger in a car driven by her husband, Luelza Randolph, defendant herein, which was traveling east on Highway 33. The collision occurred between the vehicle in which plaintiff was a passenger and an automobile driven by defendant Lindemann traveling west. None of these parties had traveled through the intersection prior to the accident which occurred at the north edge of the paved, westbound traffic lane on Highway 33 when the left front of Lindemann's car collided with the right front fender of the Randolph car. A truck was stopped at the stop sign north of the intersection and following the impact the vehicles involved passed on either side of the truck.

Plaintiff alleged that she received the injuries complained of while riding as a guest passenger in a car being driven in an easterly direction by her husband, when he

made a left turn at this intersection and was struck by the westbound automobile driven by Lindemann, an employee of Commercial Trades Institute; that her injuries resulted from the conjoint negligence of both drivers. Negligence was charged against defendant Randolph in making a left turn in front of oncoming traffic in violation of applicable statutes, failure to keep a proper lookout ahead, and failure to use due care to protect a guest-passenger. The petition alleged defendant Lindemann was negligent in operating his vehicle at greater speed than would permit stopping within assured clear distance ahead, and in failing to drive at a reasonable and prudent speed under the circumstances.

Defendant Randolph answered denying negligence and charging plaintiff with contributory negligence in (1) failing to keep a proper lookout; (2) failure to exercise ordinary care for her own safety; (3) failure to remonstrate with defendant or leave the vehicle; (4) failure to observe and warn of the approach of Lindemann's vehicle, thereby allowing the vehicle in which she was a passenger to be driven into a place of danger. This defendant also asserted the defense of unavoidable accident.

Defendant Lindemann denied negligence or want of care, and particularly alleged the negligence of Randolph was the proximate cause of the accident in (1) failing to keep a proper lookout; (2) making a left turn in front of Lindemann without yielding the right-of-way; (3) violation of statutes in failing to give a proper signal of intention to turn left in front of defendant; (4) driving at a speed which prevented stopping in the assured clear distance ahead in violation of statutes; (5) failure to exercise proper care to slow or stop his car to avoid accident. The answer charged plaintiff with negligence contributing to and proximately causing accident in failing to look out for her own safety, warn her husband of impending danger and of violation of statutes by making a left turn without yielding right-of-way, and generally failing to exercise due care.

The evidence relative to issues raised was that defendant, traveling east, stopped at the intersection and looked in all directions before proceeding. Plaintiff testified she saw no other vehicle and as defendant made his left turn they were struck by the other car. Defendant Randolph testified he drove up to the intersection and stopped to see if there was traffic coming in different directions, and saw nothing other than a truck at the stop sign to the north, but could not tell whether the truck was moving because he did not pay that much attention. The road was clear when defendant started the turn, but was struck after getting partially across the intersection. Defendant looked to see if there was oncoming traffic, and could not see anything.

One witness had driven behind the Randolph car at a distance of about 100 feet from the time it left Drumright, traveling about 25 miles per hour. The witness could not remember whether Randolph stopped at the intersection before making the left turn; he observed the defendant's car coming from the east and estimated the speed to be 40–50 miles per hour. The witness never saw any signal for a left turn given by Randolph.

Defendant Lindemann testified he was traveling 40–50 miles per hour within a block of the accident. Coming over the hill he observed defendant's car and presumed "he was going to go straight", but as he came into the intersection could see the front wheels begin to turn and immediately applied his own brakes and swerved to the north in an attempt to avoid colliding. Randolph's car was approximately two-car lengths back from the median when defendant first saw it, and Randolph's car never stopped.

The highway patrolman, who investigated the accident, testified defendant Lindemann's car laid down 36 feet of skid marks before the collision. He estimated the speed of Lindemann's car at from 35–45 miles per hour when the brakes were applied.

At the close of the evidence, and after demurrers and motions for directed verdict for the different defendants had been over-ruled, counsel for defendants Lindemann and his employer, directed attention to the trial court's failure to instruct the jury upon the issue of Randolph's duty in making a left turn. And, counsel also advised the court that the issue as to right-of-way con-stituted reversible error. The trial court overruled the objection interposed by de-fendants based upon failure to instruct upon this feature of the case.

Because the case must be retried, no need arises for discussion of any issue other than that advanced by defendants' second propo-sition:

"THE FAILURE OF THE TRIAL COURT TO INSTRUCT ON THE DUTY OF ONE MAKING A LEFT TURN IN FRONT OF ONCOMING TRAFFIC, THE DUTY OF ONE TO GIVE PROPER SIGNAL PRIOR TO MAKING A TURN, AND THE RIGHT OF WAY WITHIN AN INTERSEC-TION, IS DENIAL OF A SUBSTAN-TIVE RIGHT OF THESE DEFEND-ANTS."

██ At the outset, we acknowledge the efficacy of rules announced in earlier de-cisions such as Ironside v. Ironside et al., 188 Okl. 267, 108 P.2d 157, 134 A.L.R. 621, and Wilson et al. v. Shawnee Milling Co., Okl., 292 P.2d 147, to the effect that one tort feasor cannot escape liability for neg-ligence in operating a vehicle upon the ground that a joint tort feasor also was neg-ligent. The doctrine of concurrent negli-gence is settled. Likewise, despite the right to presume that other drivers will obey the law, the rule is that the operator of a ve-hicle must exercise the degree of care com-mensurate with the circumstances. Good-ridge v. Davis, Okl., 345 P.2d 894. How-ever, in Goodridge we stated in Syllabus 1 that the presumption simply is one factor to be considered by the jury in determining the degree of care required of the driver seek-ing to indulge the presumption.

Plaintiff charged Lindemann with oper-ating his vehicle at excessive speed which would not permit stopping in the assured clear distance ahead. Only general charges of negligence were made against defendant Randolph, plaintiff's husband. Lindemann's answer specifically charged the accident re-sulted solely from Randolph's negligence in failing to yield the right-of-way and failing to signal when making a left turn in viola-tion of applicable statutes. Thus, it is ob-served defendant, in pleading violation of applicable statutes, presented the specific defense that the accident resulted from Ran-dolph's primary negligence in violating these statutes.

Plaintiff's argument is that since both drivers were charged with concurrent negli-gence it was of no moment as to which had right-of-way, the only material question be-ing whether each was guilty of some negli-gence, or whether their separate acts of negligence concurred to produce plaintiff's injuries. As concerns this argument we agree with defendants that this, in effect, would deny a party charged with negligence any right to assert a defense of liability of a codefendant where plaintiff did not allege against that defendant the same breach of duty upon which the plea of the code-fendant's sole liability was based.

Plaintiff argues that no instruction rela-tive to making a left turn, duty to signal and right-of-way within the intersection was required. This is predicated upon the interpretation placed upon part of the evi-dence that Randolph's vehicle already was in the intersection and turning when first seen by defendant. Examination of the testimony does not establish as an uncon-troverted fact the conclusion sought to be drawn therefrom. The conflicting evidence as to whether Randolph was in or near the intersection raised a question of fact, prop-er determination of which required a spe-cific instruction as to the legal duties im-posed upon him under the circumstances.

██ A number of earlier decisions have involved a trial court's failure to instruct

upon an issue involving a substantive right asserted in defense to an action. In McIntire v. Burns, 172 Okl. 152, 42 P.2d 143, the defense was by way of general denial and plea of contributory negligence. Therein we held that a general denial was sufficient to raise the issue as to which vehicle was entitled to the right-of-way, and failure to instruct the jury upon such issue constituted reversible error.

In Elam v. Beverly, 191 Okl. 375, 129 P.2d 838, we found reversible error in the failure of the trial court, upon its own motion, to instruct the jury that driving a truck at a speed in excess of that prescribed by statute for such vehicle constituted negligence per se. This because the issue involved was a fundamental issue.

Riser v. Herr, 187 Okl. 211, 102 P.2d 178, involved an action for damages resulting from an intersection collision. Plaintiff alleged defendant's failure to discharge the legal duty of looking for traffic approaching from the right when approaching the intersection. The defendant had denied the allegations that plaintiff had right-of-way, and specifically alleged her own vehicle had right-of-way. On appeal, a judgment for plaintiff was reversed for failure of the court to instruct that defendant's claim of right-of-way was a substantial part of her defense, and failure to present this theory to the jury denied defendant a substantial right.

Fisher v. Sturgeon, 205 Okl. 44, 234 P.2d 375, also involved a suit for damages incurred in an intersection collision between plaintiff's auto and defendant's truck. The petition charged defendant with negligence in driving from a side road onto heavily-traveled road at dangerous speed; failure to yield right-of-way to plaintiff who entered intersection from the right; failure to operate his vehicle so as to be able to stop in assured clear distance. Defendant specifically denied negligence and alleged defendant's right-of-way because of prior entry into intersection, and that plaintiff's negligence was the proximate cause of the accident. A judgment for plaintiff was reversed on appeal for failure to instruct upon the vital issue, raised by the pleadings, as to which vehicle first entered into the intersection and obtained right-of-way under a statute which delineated rules of the road. The conclusion reached, based specifically upon the result in Herr, supra, was that failure of the trial court to instruct upon the vital issue so presented constituted reversible error.

In Subscribers, etc. Exchange v. Sims, Okl., 293 P.2d 578, the terminal question concerned which of two vehicles involved in an intersection collision had the right-of-way. Plaintiff's petition charged defendant with negligence in driving a taxicab into the intersection at a high rate of speed without first coming to a stop, and striking the auto in which plaintiff was a passenger, which already was in the intersection and thus had right-of-way. Defendant's answer alleged negligence of the driver of plaintiff's vehicle by reason of speed in excess of speed limit, failure to have the vehicle under control, and violation of right-of-way regulations contained in particular city ordinances. Judgment for plaintiff was reversed for the reason the question of which vehicle had right-of-way was the decisive issue, and the trial court failed to give any instruction in this regard. The decision was based squarely upon the Fisher and Herr cases, supra.

In the present appeal plaintiff alleged negligence on the part of defendant in driving at a dangerous speed so as to be unable to stop in the assured clear distance ahead. The answer of defendant Randolph raised only the issue of plaintiff's contributory negligence. The appealing defendants alleged negligence upon the part of the code-fendant with particularity as concerned Randolph's acts, omissions and statutory violations in making a left turn at the time, place and in the manner attempted.

Thus, as between plaintiff and the appealing defendants, the issue for the jury to determine was: Was defendant's excessive speed the proximate cause of the accident and resulting injury, or was the

sole cause of the accident Randolph's failure to yield the right-of-way and violation of statutes requiring giving a proper signal of intention to make a left turn? Absent proper instructions concerning these matters, it was not possible for the jury to determine whether defendant's operation of his vehicle, making it impossible to stop within the assured clear distance ahead, or Randolph's failure to meet legal requirements, was the proximate cause of the accident. The failure to submit this issue was called to the trial court's attention. This was a vital feature of defendant's defense to plaintiff's claim of negligence resulting in injury. Failure to instruct upon a fundamental issue constitutes reversible error. Fisher v. Sturgeon, supra; and Oklahoma Transportation Company et al. v. Green, Okl., 344 P.2d 660.

The judgment is reversed and the case remanded with directions to grant new trial.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, IRWIN and LAVENDER, JJ., concur.

DAVISON, BLACKBIRD and HODGES, JJ., dissent.

DAVISON, Justice (dissenting).

I am unable to agree with the majority opinion. The majority opinion is based on the theory that it is the duty of the trial court upon its own motion to properly instruct the jury on the fundamental issues formed by the pleadings and the evidence, and that a failure to do so constitutes fundamental error. I think this is a correct rule of law. However, I am of the opinion that such rule is inapplicable under the pleadings and evidence in the present case, especially under the theory and manner in which the case was tried.

Plaintiff's petition alleges, inter alia, that while riding as a guest passenger in a car driven by her husband, Randolph, in an easterly direction on State Highway 33, she was injured when he made a left turn onto State Highway 99, and the car in which she was traveling was struck by one going west on Highway 33, that was driven by Lindemann, an employee of Commercial Trades Institute, and that her injuries were the result of the conjoint negligence of Randolph and Lindemann. The alleged negligence of Randolph included failure to keep a lookout ahead, and failing to yield the right of way and making a left turn in front of an on-coming vehicle.

The petition charged Lindemann with speed greater than would permit him to stop within the assured clear distance ahead and failing to drive at a reasonable and prudent speed.

Defendants' answer charged Randolph, inter alia, with failure to maintain a proper lookout, failure to yield the right of way to Lindemann or to give a proper signal of intention to make a left turn, and failure to exercise care and caution to avoid the accident. The answer charged plaintiff with negligence that contributed to the accident by failing to keep a proper lookout and to warn Randolph of the impending danger and accident by turning to the left.

The theory on which the case was tried by defendant Lindemann was that he was not guilty of negligence and that the sole negligence was on the part of Mr. Randolph and contributory negligence on the part of plaintiff. The defendants contended that the trial court erred in failing to sustain their demurrer to plaintiff's petition, and in failing to sustain their motion for a directed verdict at the conclusion of the evidence. It may here be noted that the court properly instructed the jury on the question of contributory negligence on the part of the plaintiff, and by its verdict the jury found that plaintiff was not guilty of contributory negligence.

The defendants also tried the case on the theory that the sole question created by the evidence was whether the defendant Lindemann was exceeding the speed limit. They argue that such negligence, if any, on the part of Lindemann, merely furnished a condition by which such injury was possible, and that the subsequent independent act of Randolph caused the injury.

The accident occurred on September 10, 1962, at about 1:15 p. m., on a warm and sunny day, at the intersection of paved Highway 33, which runs east and west, and Highway 99, which runs north and south. There were no stop signs on Highway 33, but Highway 99 had stop signs at the intersection. Long islands of medians located opposite the center of the intersection, separated the opposing lanes of traffic approaching the intersection. The lanes of traffic lying along the medians on Highway 33 were 24 feet wide.

The evidence disclosed that a large sign was by the side of Highway 33 about 500 feet from the intersection of Highways 33 and 99. The sign was out of sight of the intersection because of an intervening rise on the highway. The sign was near the rise and in large letters stated "SPEED LIMIT 50." The sign also designated the distances and directions to Drumright, Shamrock and Oilton. Lindemann testified that he did not see the sign.

The collision occurred at the north edge of the slab of the west bound traffic lane of Highway 33 at a point where the Randolph car was almost off Highway 33.

It was not disputed that traffic approaching from the east could be seen for a distance of 500 feet east of the intersection. None of the individuals involved had previously traveled through the intersection. At the time of the accident a truck had stopped on Highway 99 at the stop sign to the north of the intersection. The collision occurred at the north edge of the slab of the west bound traffic lane of Highway 33, and the left front of the Lindemann car collided with the front right front fender of the Randolph car.

Prior to the accident the car in which plaintiff was a passenger was traveling east on Highway 33 at about 25 miles per hour. Both plaintiff and Randolph testified the car stopped at the intersection (as stated there was no stop sign) and looked in all directions. Plaintiff testified she did not see any other vehicle and that the car turned to the left and was hit by the other car. Randolph testified he saw no other traffic, except the truck stopped to the north and that he made a signal for a left turn as he started to make the turn and "got part way across there and got hit." They said they never saw the Lindemann automobile. Both were knocked unconscious.

A witness who had been following the Randolph car at a distance of about 100 feet testified he did not see it stop or see the signal of a left hand turn; that the Randolph car was in the intersection when he first saw the Lindemann car; and that the speed of the latter car was about 40 to 50 miles per hour.

Lindemann testified he approached the intersection from the east, over a hill, and when he saw the Randolph car he presumed it was going to go straight, and when he saw the front wheels begin to turn he applied his brakes and swerved to the north. Lindemann stated his speed within a block of the accident was 45 to 50 miles per hour and he never saw the Randolph car stop.

A Highway trooper testified the Lindemann car laid down 36 feet of skid marks before the collision and estimated it was traveling from 35 to 45 miles per hour when the brakes were applied. This witness also testified that in his opinion Lindemann was traveling 55 miles per hour when he first saw the Randolph car and noticed the danger. (It will be noted that this was in excess of the posted speed limit.)

The evidence further discloses that the Randolph car was a Chevrolet and that the Lindemann car was a Tempest, practically new. The evidence is undisputed that when the Lindemann car struck the Randolph car the Randolph car was knocked about 75 feet to the northwest. The evidence was that the Lindemann car skidded 36 feet before colliding with the Randolph car. It is common knowledge that a Chevrolet is heavier than a Tempest. It is therefore reasonable to assume that the Lindemann car must have been traveling at an unsafe rate of speed to have knocked the Randolph car a distance of 75 feet.

Plaintiff based her claim upon the combined negligence of Randolph and Lindemann and the jury was instructed on concurrent negligence. In Wilson v. Shawnee Milling Company, Okl., 292 P.2d 147, it is stated:

"Where, although concert is lacking, the separate and individual acts of negligence of several persons combine to produce directly a single injury, each is responsible for the entire result even though the act of one person alone may not be the cause of the injury."

Whether proper care is exercised is ordinarily a question for the jury. In Goodridge v. Davis, Okl., 345 P.2d 894, it is stated:

"If the physical condition and circumstances are such as to justify the jury in finding that the driver of a motor vehicle should have reduced his speed to a certain speed in order to guard against the possibility that another driver might violate the law, and it appears that had the speed been so reduced the accident might have been avoided, this court cannot say as a matter of law that failure to so reduce the speed did not have a causal connection with the accident."

The negligence of Randolph, as the driver of the car is not imputed to the plaintiff, who was a mere passenger. Banta v. Hestand, 181 Okl. 551, 75 P.2d 415.

Under the circumstances, it was the separate and combined acts of Randolph and Lindemann that produced the accident, and each was responsible for the entire result. Wilson v. Shawnee Milling Company, supra. A defendant cannot escape responsibility for negligence in operating an automobile by merely showing that another, sued as a joint tort-feasor with him, was also responsible. Ironside v. Ironside, 188 Okl. 267, 108 P.2d 157, 134 A.L.R. 621.

The trial court instructed the jury inter alia, on unavoidable accident; the burden of proof was upon plaintiff to show negligence and upon defendants to show contributory negligence; sudden emergency; the duty of a motorist to drive at a careful and prudent speed and at a speed that will permit him to come to a stop within the assured clear distance ahead; the duty of a driver to exercise ordinary care, under the circumstances; the obligation of a passenger to exercise ordinary care in preserving her own safety; and the liability of defendants whose joint and concurrent negligence was the proximate cause of injuries.

By its verdict the jury found the plaintiff was free of contributory negligence and that Lindemann was guilty of negligence.

Under the law (47 O.S.1961 § 11–801) Lindemann was required to drive his automobile at a careful and prudent rate of speed and not "at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

Assuming Lindemann may have had the right of way, this did not relieve him of the duty to exercise care and caution. The jury, under the instructions and by its verdict, determined that Lindemann was negligent in this respect.

The majority opinion is based on the holdings in the cases of Elam v. Beverly, 191 Okl. 375, 129 P.2d 838; Riser v. Herr, 187 Okl. 211, 102 P.2d 178; Fisher v. Sturgeon, 205 Okl. 44, 234 P.2d 375, and Subscribers, etc. Exchange v. Sims, Okl., 293 P.2d 578.

I agree with the holdings and results in each and every one of the above cases. However, I am of the opinion that these cases are inapplicable to the present case because of the different factual situations.

In the case of McIntire v. Burns, 172 Okl. 152, 42 P.2d 143, an accident was involved at a street intersection of the City of Norman. In this case judgment was rendered against the bus company in favor of an individual plaintiff. The question as to which of said vehicles had the right of way was a decisive issue in the case and the failure of the court to instruct on this issue constituted reversible error. In deciding this case the court used the following language:

"We believe that instruction No. 9, which absolves plaintiff from any negli-

ligence of her driver, and instruction No. 10, which absolves her from any contributory negligence of the driver, are misleading in this, that they instruct the jury that plaintiff would be entitled to recover unless she (the plaintiff) was guilty of negligence or contributory negligence, and this without any reference to whether the defendant was negligent or not. We do not believe that this is cured by the giving of other instructions. Instruction No. 12 is misleading for the reason that while the issue was raised by the pleadings, there was no evidence by either party that the bus ran into the car in which plaintiff was riding, *but all of the evidence showed that the automobile in which plaintiff was riding ran into the bus, and struck it approximately at the center of the west side.*" (Emphasis ours.)

The case of Riser v. Herr, supra, was written by the writer of this dissent. The factual situation was entirely different than in the case at bar. The pivotal reason for reversal in that case was stated as follows:

"In his instructions to the jury upon this issue, the trial court in paragraphs six and eight thereof said among other things that vehicles approaching an intersection from the right have the right of way over those approaching it from the left and that it was the duty of a driver approaching an intersection to operate his automobile in such a manner 'as to be in a position to accord any other vehicle from a direction favored under the law the right of way to enter and cross the intersection ahead * * *.' The defendant contends that these instructions are inapplicable to the present case, because the undisputed evidence shows that her truck reached the intersection before the plaintiff's automobile arrived there and for this reason the court also erred in failing and refusing to instruct the jury that regardless of the directions from which the two cars approached the intersection, the first one entering it had the right of way. In her argument the de-

fendant says that since her claim to the right of way at the intersection was such a substantial part of her defense and such an important issue in the cause, the court's error amounted to a failure to instruct upon the issues of the cause and to submit her theory of defense to the jury, thus denying her a substantial right. With this contention we must agree. An examination of the record reveals that the point under discussion was one of the issues, if not the principal one joined both by the pleadings and the evidence. While we do not find it necessary to adopt the defendant's conclusion as to the conclusiveness of the evidence in her favor, and to say that paragraphs six and eight of the instructions were entirely inapplicable to the cause, we do find that there was competent evidence to support her claim to the right of way and this was undoubtedly a pivotal factor both in her defense and in the proper determination of the controversy. * * *"

The case of Fisher v. Sturgeon, supra, was also written by the author of this dissent. In that case, as in the above case, the vital issue was whether the automobile or the truck entered the intersection first and the trial court failed to give an instruction to the effect that the first vehicle to enter the intersection had the right of way.

In the case of Subscribers, etc. Exchange v. Sims, supra, being an accident between two vehicles at an intersection in the City of Okmulgee, the vital issue was which vehicle had first entered the intersection. The trial court failed to instruct on this issue. The defendant in the case was a taxicab company. The other involved vehicle was an automobile. Judgment in the lower court was for plaintiff. In reversing the case this court used the following language:

"*The evidence adduced at the trial established without dispute that the defendant taxicab driver came to a complete stop before entering the intersection;* that he then shifted into low gear and proceeded across the intersection at a speed

of not over ten miles per hour; that after the taxicab had crossed over more than half of the intersection it was struck in the right side by the vehicle in which plaintiff was riding so violently that the taxicab was knocked sideways some ten to eighteen feet. The evidence as to the speed of the vehicle in which plaintiff was riding varied from an estimate of between 15 and 20 miles per hour given by plaintiff and the driver of the vehicle in which she was riding to an estimate of 50 miles per hour given by a by-stander eye witness to the collision. By city ordinance, the speed limit at the time and place of the collision was 15 miles per hour.

"It is apparent that the issue of which vehicle had the right of way was a decisive issue in the case. * * *" (Emphasis ours.)

We should be mindful that the plaintiff in this case was a guest passenger, and that she sued Randolph and Lindemann as joint tort feasors. She obtained judgment against both.

The material question in the case was whether Randolph and Lindemann were each guilty of some act or acts of negligence and whether their separate acts of negligence concurred and combined to produce the plaintiff's injuries.

"It is well settled that although concert is lacking the separate and individual acts of negligence of several persons, if the acts are combined to produce directly a single injury, each defendant is responsible for the entire result, even though a defendant's act of negligence alone might not have caused the injury." All American Bus Lines v. Saxon, 197 Okl. 395, 172 P.2d 424, 429.

In Foster v. Boyd, Okl., 381 P.2d 853, we held:

"The fact that a motorist may have the right-of-way does not relieve him of the duty of exercising reasonable care and caution not to injure another motorist."

Also see Stegall v. Davis, Okl., 280 P.2d 706.

In view of the pleadings, the evidence and the theory on which the case was tried, coupled with the picture exhibits which pinpoint the spot of the collision and the results of the accident, I am of the opinion that the trial court's instructions were good, proper and sufficient. I am of the opinion that the judgment should be affirmed and I therefore respectfully dissent.

BLACKBIRD, J., concurs in dissenting views herein expressed.